STATE OF MISSOURI, Respondent, *vs.* CLUMP, Appellant.

1. A party who has been jointly indicted with the defendant, but in whose case a *nolle prosequi* has been entered, is a competent witness against him.
2. The Supreme Court will not reverse either a criminal or civil case, for the refusal of the court below to instruct the jury that evidence of verbal confessions is to be received with great caution.

*Appeal from St. Louis Criminal Court.*

*F. Spies,* for appellant.

I. The state could not introduce the statements of co-defendant, Schrœder, not under oath, as those of an accomplice, and afterwards make a witness of said co-defendant.

II. In larceny, there must be a *taking*, and although the taking may be presumed from the *possession*, yet no possession was proved against the defendant Clump.

III. Although possession may be *constructive*, yet a constructive possession upon a presumed taking cannot amount to

more than a *presumptive larceny*, a thing not recognized in law, because all doubts must be in defendant's favor.

IV. The *verbal extrajudicial confessions* of a defendant of his guilt should be received with great caution, and the court erred in refusing such an instruction asked for by the defendant to the jury. 1 Greenl. Ev. sec. 200, p. 241. Ib. sec. 214, p. 256.

*J. R. Lackland*, circuit attorney, for State.

The first error complained of is, that the court permitted the state to enter a *nol. pros.* as to Schrœder, and introduce him as a witness against the defendant. It is deemed useless to refer this court to authority, to show the action of the court in this behalf correct. The evidence in this cause supports the verdict. The jury thought it sufficient to exclude any rational doubt, and this court will not disturb the verdict. We perceive no errors in the instructions given. The first and second instructions cannot be questioned. The third instruction given is good. The three instructions refused were properly refused ; they were all bad.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for grand larceny, (hog stealing,) by the grand jury of St. Louis county—was tried and convicted. He moved for a new trial. The motion was overruled, and he appealed to this court. The bill of exceptions preserved the evidence and the instructions given on the trial. In the opinion of this court, the instructions given properly put the case before the jury.

1. The admission of the witness Schrœder, who was jointly indicted with the defendant, but in whose case a *nolle prosequi* had been entered by the state, was not improper. The instructions given are, *first :* "If the jury believe from the evidence in the cause, that the defendant, in St. Louis county, and within three years before the finding of this indictment, did steal, take, and carry away any one or more of the hogs charged in the indictment, and the property of Hermann Steins, of any value whatever, and that he did so steal, for the

purpose of converting the same to his own use, you will find him guilty of grand larceny, and assess the punishment at imprisonment in the penitentiary for a term not less than two nor more than five years.

"If you entertain a reasonable doubt as to the defendant's guilt, you ought to acquit.

"Possession in law is divided into two kinds, actual and constructive. If the jury find from the evidence that the defendant Clump exercised any acts of ownership or control over the hogs mentioned in the indictment, or had the same upon his farm, that is possession in the eye of the law."

To these instructions the defendant excepted. He then asked the court to instruct the jury:

"If they believe from the evidence that the defendant Clump had no agency in taking possession of the hogs, but that he merely attempted to screen the guilty party by telling a lie, he cannot be convicted of larceny."

This the court gave to the jury. He also further asked the court to instruct the jury:

"That in order to convict the defendant of larceny, the taking and carrying away of them, or sufficient facts to raise a strong presumption of the same, must be proved.

"That the jury must receive the evidence concerning the verbal confessions of the defendant with great caution.

"That the jury will disregard the testimony of Schrœder.

"Any doubt as to the guilt of the defendant must be resolved in his favor."

These last the court refused to give, and the defendant excepted.

2. The Criminal Court had given instructions embracing the law of the case to the jury. These last were properly refused. Schrœder was a competent witness. The subject of doubt had already been brought before them. They had already been informed what constituted larceny; and the doctrine or mere legal rule of receiving evidence of verbal confessions with great caution, was the enunciation of an abstraction, not cal-

culated to assist the jury in finding their verdict, or supposing it might have that tendency, this court will not reverse for refusing said instruction in criminal or civil cases.

Upon the whole case, this court perceives nothing requiring it to send it back for further trial.

The other Judges concurring, the judgment below is affirmed.

*McLean & Mauro*, for appellant.

*J. R. Lackland*, circuit attorney, for State.