## THE STATE v. LOUIS DECKER, Appellant.

Division Two, March 9, 1909.

1. **VARIANCE:** Pleading and Proof: Bribery: Railroad and Railway. The information charged bribery as an assemblyman in connection with a bill for the benefit of "the St. Louis and Suburban Railroad," and the witness testified that in the brib-. ery transaction he represented the St. Louis and Surburban Railway Company. There was only one St. Louis & Suburban Company referred to throughout the trial, and the terms "railroad" and "railway" were used interchangeably. *Held*, there was no such variance between the pleading and proof. as prejudiced defendant's rights.

2. **CORPORATION:** Existence: Parol. In a criminal prosecution the existence of a corporation may be proved by parol.

3. **CONTINUANCE:** Mob. A day or two before the cause was called for trial in Springfield a mob had hanged three negroes in said city, but defendant was charged with committing bribery in St. Louis, had been indicted there and on his application a change of venue was taken to Springfield, and the crime with which he was charged is of an entirely different nature from that for which the negroes were hung. *Held*, that the court did not err, when there had been seven continuances already, in refusing to grant a continuance on the assigned ground that the public mind was so aroused that it was unfair to require defendant to go to trial in such a disturbed condition of affairs.

4. **CHANGE OF VENUE:** No Petition in Transcript. It is the order granting the change of venue that confers jurisdiction on the transferree court to try the case; and if the transcript shows that the order contained a recital of a statutory ground for the change, and that it was the ground upon which defendant asked for it, the omission from the transcript of the petition for the change did not prejudice defendant's rights.

5. **EVIDENCE:** Bribery: Other Acts: No Objection. A mere objection to the admissibility of testimony, without stating the grounds of the objection, will not require on appeal an examination into its admissibility. So where defendant was being tried for bribery in connection with a street railway transaction, testimony that he received money for the passage of a certain light bill then pending in the assembly of which he was a member, if objected to, without a statement of the ground of objection, is not reversible error.

6. **JUROR:** Misconduct. The trial court is in a much better position to pass upon a charge of misconduct in a juror than the appellate court.

Appeal from Greene Criminal Court.—*Hon. A. W.*
*Lincoln,* Judge.

AFFIRMED.

*Edward H. Foristel* and *A. H. Wear* for appellant.

(1)   On the evidence of the State the court should have directed a verdict of acquittal, because, first, there was no evidence offered to prove that the St. Louis and Suburban Railroad Company was a corporation. Sec. 995, R. S. 1899; Sch. Dist. v. Dorton, 125 Mo. 439. The existence of a corporation is proved by showing a valid instrument of incorporation and of uses thereunder.  10 Cyc. 235.   (2)   Not only was the evidence insufficient to prove the incorporation but it proves, if anything, another and different corporation.  That is, witness stated that the St. Louis and Suburban Railway Company was a corporation.  This, then, constitutes a material variance between the allegation and the proof. ʹJordan v. Railroad, 105 Mo. App. 446; Brown v. Railroad, 72. Mo. 567; Bank v. Mudd, 32 Mo. 218; McGregor v. Fuller & Co., 72 Iowa 464; 2 Beach, Priv. Corp., sec. 864; State v. Meysenberg, 171 Mo. 54.   (3)   The court erred in overruling the application for a continuance.  A stranger from a strange place coming into an infuriated community to be tried for an offense which had been exploited by the metropolitan papers throughout the State might rightfully ask that some time should be given for the restoration of order and quiet.  We think it most extraordinary and unprecedented to force a defendant, under the circumstances, into a trial when we will all admit that a trial means a cool, deliberate, unbiased investigation of the facts of a case.   (4)   The motion to correct the transcript should have been sustained. There was no petition for the change of venue from

the circuit court of the city of St. Louis and the court acquired no jurisdiction. R. S. 1899, sec. 2586; Blodgett v. Schaffer, 94 Mo. 670; State v. Lingle, 128 Mo. 537. (5) The testimony of codefendants as to the receipt by them of money on lighting deal at the house of Lehman was incompetent. This question has been presented to this court in other cases, to-wit: State v. Schnettler, 181 Mo. 173; State v. Boatright, 182 Mo. 51, and other cases, but in these it was shown by competent evidence that the defendant had participated with the others, in this case it is not shown that defendant did participate in this division.

*Elliott W. Major,* Attorney-General, and *Chas. G. Revelle,* Assistant Attorney-General, for the State.

(1) The assignments dwelt on most earnestly by appellant are: First, that there is a material variance between the allegation in the information, that the St. Louis and Suburban Railroad Company, and the proof, that the St. Louis and Suburban Railway Company was a corporation. Second, that there was not sufficient evidence offered to prove that either was a corporation. We might content ourselves with dismissing these assignments by reference to the fact that the attention of the trial court was not called thereto, either during the trial or by the motion for new trial, and that these matters are not properly here for review. Appellant may contend, however, that by asking an instruction in the nature of a demurrer at the close of the State's evidence, the attention of the court was thereby directed to this matter. Conceding for the moment that this is true, and that his general assignment in the motion that the court erred in refusing the instructions asked for by the defendant is sufficient to preserve his exceptions to the ruling on the demurrer, which we disaffirm, we reply: That by overruling the demurrer and giving the instructions

it did, the court found that the variance was not material, and to the court alone belonged this duty. It is presumed from the action of the trial court in overruling defendant's demurrer that it was the judgment of the court that the variance was immaterial, or not prejudicial to defendant. State v. Barker, 64 Mo. 285; State v. Smith, 80 Mo. 520; State v. Harl, 137 Mo. 256; State v. Sharp, 106 Mo. 109; State v. Walters, 144 Mo. 347; State v. Wammack, 70 Mo. 411; State v. Sharp, 71 Mo. 221; State v. Ward, 74 Mo. 255; State v. Nelson, 101 Mo. 482; State v. Dale, 141 Mo. 287. Throughout the trial the record discloses that but one "St. Louis and Suburban" company was referred to, and both the State and defendant joined in treating it as one and the same. State v. Gregory, 178 Mo. 58; R. S. 1899, sec. 2534. (2) Sec. 2634, R. S. 1899, provides that if on the trial of a criminal cause the existence of a corporation becomes material, it may be proved by general reputation. It has been uniformly held that corporate existence may be proved by any one who, of his own knowledge, is acquainted with the fact, or by general reputation. State v. Jackson, 90 Mo. 159; State v. Tucker, 84 Mo. 25; State v. Cheek, 63 Mo. 365; State v. Knowles, 185 Mo. 169; State v. Wise, 186 Mo. 46; Reed v. State, 15 Ohio 217; State v. Harris, 199 Mo. 723; State v. Sykes, 191 Mo. 79. (3) Evidence that the combine received bribes for their official votes on the lighting bill was properly admitted. Appellant contends that because the evidence is not abundant as to his presence at the birthday party when the spoils were divided, is a sufficient reason for making the admission in this evidence reversible. First, we call the court's attention to the fact that the sole objection made to the admission of this evidence is, "defendant's counsel object to the question." An objection without stating any grounds therefor is insufficient. State v. Young, 153 Mo. 449; State v. Westlake, 159 Mo. 679. Aside from this, the

record abounds with proof that at the time when this money was extorted, defendant was a member of the combine; and that he and his companions in crime had prior thereto organized the combine, and were then continuing it for the criminal purpose of procuring money for their votes on legislation generally.

GANTT, P. J.—On the 13th day of September, 1902, at the June term of the circuit court of the city of St. Louis, the circuit attorney filed an information against the defendant charging him and fifteen other alleged members of the House of Delegates of said city, jointly, with the crime of bribery. On October 8, 1902, defendant was duly arraigned and entered his plea of not guilty. The cause not having been brought to trial on June 8, 1904, the court permitted the circuit attorney to amend the information by having the same verified by a competent witness, to-wit, John K. Murrell. On motion of the defendant a severance was granted him and afterwards, on his application, a change of venue was awarded to the criminal court of Greene County, Missouri, and the cause was certified to said court. At the March term, 1906, of the said court, the defendant filed a motion to continue the cause and correct the transcript or to strike the cause from the docket, which motion was overruled. The defendant was then arraigned and pleaded not guilty. Defendant then made application for a continuance, which was overruled. A motion to quash the information was then filed and overruled. A motion to quash the panel of jurors was also filed and overruled. The jury was then selected and duly sworn, and the cause heard and a verdict of guilty returned and defendant's punishment assessed at five years in the penitentiary. His motions for new trial and in arrest of judgment having been heard and overruled, defendant was sentenced in accordance with the ver-

dict, and from that judgment and sentence he has appealed to this court.

As all the substantial facts out of which this prosecution originated have been so often before this court in the previous appeals in State v. Faulkner, 175 Mo. 546, and State v. Faulkner, 185 Mo. 673, it is deemed entirely unnecessary to again burden our reports with a recitation of the evidence. It will suffice to say that there was ample evidence to sustain the verdict, and we shall consider only the errors assigned by the defendant for the reversal of the judgment.

I. It is insisted that the court should have directed a verdict of acquittal because there was no evidence offered to prove that the St. Louis and Suburban *Railroad* Company was a corporation. In the information it was charged that the bill number 44 introduced into the Council and Municipal Assembly of the city of St. Louis was one "by which it was proposed to grant certain rights and privileges to the St. Louis and Suburban *Railroad* Company, a corporation," etc., and "that the defendant made a corrupt agreement, etc., with one Philip Stock, the agent and representative of the St. Louis and Suburban *Railroad* Company," by which seventy-five thousand dollars was to be and was deposited, "by the said Philip Stock as agent and representative of the St. Louis and Suburban *Railroad* Company." Whereas Philip Stock, a witness for the State, testified that the railroad company, which he represented in the said bribery transaction, was known as the St. Louis and Suburban *Railway* Company, and it is insisted that there was a fatal variance between the allegation in the information and the proof. The court in its instruction referred to the said corporation as the St. Louis and Suburban *Railroad* Company. In the motion for new trial, the defendant did not call the court's attention

specifically to this alleged variance, but contented him-
self with alleging that the verdict was against the
weight of the evidence.  Neither did he request an
instruction to the effect that this variance entitled
him to an acquittal nor did he call the court's atten-
tion when the instructions were given to this fact of
the case.  It is true he requested an instruction direct-
ing the jury to acquit him, which the court overruled,
but irrespective of the manner in which he raised this
point, we think it entirely untenable.

Section 2534, Revised Statutes 1899, provides:
"Whenever on the trial of any felony or misdemeanor,
there shall appear to be any variance between the
statement in the indictment or information and the
evidence offered in proof thereof, in the Christian name
or surname, or both Christian name and surname,
or other description whatsoever, or any person whom-
soever therein named or described, or any name or
description of any matter or thing whatsoever therein
named or described, or in the ownership of any prop-
erty named or described therein, such variance shall
not be deemed grounds for an acquittal of the defend-
ant, unless the court before which the trial shall be had
shall find that such variance is material to the merits
of the case and prejudicial to the defense of the de-
fendant."

In State v. Sharp, 106 Mo. 1. c. 109, the variance
between the charge in the indictment that the oats were
taken from a car on the track of the Wabash Railroad,
and the proof that it was taken from a car on the track
of the Wabash Western Railroad, was held not to be
such a variance as operated prejudicially to the de-
fendant; and in State v. Barker, 64 Mo. 1. c.  285, the
indictment charged the goods stolen were the property
of R. C. Stevens and the proof was that they were the
property of Clifford J. Stevens, and it was held that

217 Sup—21

while the name of the owner of the property stolen
must if known be accurately stated and that this vari-
ance would have been fatal at common law, yet under
the above-quoted section, it was cured unless the court
trying the case should find that it was material to the
merits of the case, and as the court did·not so find, it
was no cause for reversal. To the same effect will be
found State v. Wammack, 70 Mo. 411; State v. Sharp,
71 Mo. l. c. 221; State v. Smith, 80 Mo. l. c. 520; State v.
Harl, 137 Mo. l. c. 256; State v. Dale, 141 Mo. l. c.
288; State v. Waters, 144 Mo. l. c. 347.

By reference to the record in this case, it
appears that throughout the trial there was but one
St. Louis and Suburban Company referred to and both
parties treated it as one and the same. And the terms
railroad and railway were used interchangeably, and
so it was used by the court itself, and we think it im-
possible that the defendant could have been surprised
or misled by the alleged variance.

II. As to the objection that the existence of the
corporation could not be proved by parol, it is suffi-
cient to say that by section 2634, Revised Statutes
1899, it is provided that "if on the trial or other pro-
ceeding in a criminal cause, the existence, constitu-
tion or powers of any banking company or corpora-
tion, shall become material, or be in any way drawn in
question, it shall not be necessary to produce a certi-
fied copy of the charter or act of incorporation, but
the same may be proved by general reputation, or by
the printed statute book of the State, government or
country by which such corporation was created."
[State v. Wise, 186 Mo. l. c. 46; State v. Knowles, 185
Mo. l. c. 169; State v. Cheek, 63 Mo. 364.] Moreover
in this case, the defendant made no objection what-
ever to this method of proving the incorporation by
Philip Stock, and it is now too late to raise the ques-
tion in this case.

III.   Counsel for the defendant urges that the court erred in overruling his application for a continuance.  This application was not predicated upon the absence of witnesses, but upon the absence of one of defendant's counsel and the sickness of another, but the real reason, it would seem, was that on account of the disturbed condition of affairs in the city of Springfield where the trial was had the defendant could not have a fair and impartial trial.  It appears from the application that a day or two before this cause was called for trial a mob had hanged three negroes in said city, and it was believed that the public mind was so aroused that it was unfair to require the defendant to go to trial in such a disturbed condition of affairs.   But the crime with which the defendant was charged was committed, if at all, in the city of St. Louis, was of an entirely different nature, and the examination of the jurors discloses no presence of prejudice whatever against the defendant.   It is a rather remarkable position to assume that the courts of justice should be closed in all cases merely because some crime has been committed and summary vengeance meeted out by an infuriated mob.   Certainly there is nothing in this record to indicate that the defendant did not and could not have a fair and impartial trial.   The application was addressed to the learned judge of the criminal court who must have been fully conversant with all the conditions, and far better able to judge of the propriety of holding his court and proceeding with his docket than we possibly can be.   In our opinion there is nothing in the refusal of the continuance which indicates an abuse of discretion in requiring the trial to proceed.   The cause had already been continued for seven different terms and the witnesses were all present, and, while one of the counsel was ill, the defendant still had three able and reputable members of the bar at Springfield to defend him and

the record indicates that they were fully alive to all propositions involved in the case.

IV.   It is complained that the court overruled the motion of the defendant for a correction of the transcript from the St. Louis Circuit Court because no petition for a change of venue was contained therein. The record of the St. Louis Circuit Court recites that on March 13, 1906, the defendant in his own proper person and by his attorney filed his application for a change of venue on account of the bias and prejudice in the minds of the inhabitants of the city of St. Louis, Missouri, and thereupon evidence was taken and heard in support of defendant's application for such change of venue and the matter submitted to the court and taken under advisement, and on March 19, 1906, the record recites, the court having fully considered the defendant's application for change of venue doth grant the same, and it was ordered by the court that the cause be removed to the criminal court of Greene county in the State of Missouri, and that all the proceedings in the cause be certified to the said criminal court, and the defendant entered into and filed his recognizance conditioned for his appearance in the criminal court of Greene county.   Inasmuch as the record discloses the ground upon which the change of venue was granted, was one recognized by the laws of this State and the prayer of the defendant herein granted, we are of the opinion that the criminal court of Greene county acquired jurisdiction of the cause. It has been repeatedly ruled by this court that it is the order awarding the change of venue which confers the jurisdiction on the court to which a cause is sent and not the petition therefor.   [State v. Buck, · 108 Mo. 622; State v. Buck, 120 Mo. 479; State v. Dusenberry, 112 Mo. 1. c. 288.]   Certainly the absence of the petition itself did not in the least prejudice

any of the substantial rights of the defendant, as the change was granted on his own application.

V.  It is also insisted that the court committed error in admitting testimony as to the receipt of money by the defendant and other members of the combine for their official votes when a certain light bill was pending in the Municipal Assembly for their consideration and action. Reference to the record discloses that when the witness was examined and questioned as to the receipt of money for the passage of the light bill, defendant's counsel objected to the question, but assigned no reason whatever therefor. It has been repeatedly ruled by this court that mere objection to testimony without stating any grounds therefor will not require an examination into the admissibility of the evidence in this court. If parties desire to take advantage of adverse rulings in the admission of testimony, they must not only make timely objection thereto, but must state the grounds therefor. [State v. Westlake, 159 Mo. l. c. 679; State v. Young, 153 Mo. l. c. 449.] But the evidence objected to was held competent in State v. Schnettler, 181 Mo. 173.

VI.  It was also insisted that the court erred in admitting the evidence of Murrell as to the conversation and acts of Lehman, one of the combine, while Murrell was in Mexico. An examination of the record fails to disclose any conversation, statement or act of either Lehman or Murrell during the visit of Lehman to Mexico, nor any reference made to the contents of the letter received, so that in no event could it have worked such prejudice to the defendant as would justify a reversal of this cause.

VII.  Defendant assigns the misconduct of the juror Thurman as a ground for reversal. Affidavits pro and con were filed and the matter was submitted to the trial judge and he declined to grant a new trial upon that ground. In the very nature of the case the

criminal court was better qualified to pass upon the competency of this juror and to weigh the several affidavits, than this court, and his finding thereon will not be disturbed. [State v. Taylor, 134 Mo. l. c. 138; State v. Nocton, 121 Mo. 537.]

We have carefully considered all the assignments of error relied upon by the defendant and we discover no error in the record proper. The information was and is sufficient and all the other proceedings appear to have been regular.

The judgment of the criminal court, therefore, must be and is affirmed. *Burgess* and *Fox, JJ.,* concur.