THE STATE v. LESTER POPE, Appellant.—92 S. W. (2d) 904.

Division Two, March 21, 1936.

920

*Edward G. Robison* for appellant.

*Roy McKittrick,* Attorney General, and *Covell R. Hewitt,* Assistant Attorney General, for respondent.

BOHLING, C.—Lester Pope was convicted of the robbery in the first degree of the Bank of Fairport, a corporation, and appeals from a judgment imposing a sentence of five years' imprisonment.

From the State's evidence it appears that soon after the noon hour of July 12, 1933, William E. Johnson and Jesse J. Colter entered the Bank of Fairport and at the point of guns compelled Briscoe Burnham, assistant cashier of said bank, to open the safe door and cash drawer and robbed said bank of $2,147. Johnson and Colter pleaded guilty and testified on behalf of the State against appellant. Their testimony is to the effect they, appellant and one Marley were involved in the robbery; that appellant first mentioned the matter to Johnson a month or so before the robbery; that on July 11, 1933, Johnson and Colter were at Pope's farm located about sixty miles from Fairport and, after some conversation, Johnson and appellant went to Fairport and looked the situation over; that on the 12th Johnson, Colter and Marley met appellant at his farm and all left for Fairport, Johnson, Colter and Marley in a Willys-Knight automobile and appellant in a Model A Ford coupe; that Johnson, Colter and Marley took leave of appellant some distance from Fairport and drove to Fairport; that Johnson and Colter robbed the bank while Marley remained in the car; that appellant furnished one of the guns used in the commission of the robbery; that after the robbery they drove back into the country to where appellant, under previous arrangements, had parked his Ford and was to meet them; that Johnson and Colter got out of the Willys-Knight and into the "rumble" seat of appellant's Ford coupe, laid down, and put the "turtle back" down over them; and that they went to the barn on appellant's farm and divided the money four ways, appellant receiving one-fourth. Other evidence on behalf of the State tended to show admissions of guilt on the part of appellant and corroboration as to his presence on the highway on the day in question, as well as other corroborating facts.

The defense was a denial of all knowledge of or any participation in the robbery; a denial of the making of any statement or statements in the nature of an admission of guilt; the impeachment of the witnesses Johnson and Colter; the establishment of an alibi for the day preceding and the day of the robbery; and the establishment of defendant's good reputation as a peaceful, law-abiding citizen and for truth and veracity. The detail of this evidence need not be set forth. If believed by the jury, it warranted an acquittal.

■ Appellant's demurrer at the close of the case is based upon the contention there was no competent evidence establishing the incorporation of the Bank of Fairport; that the money taken was the

property of said bank or that Briscoe Burnham was assistant cashier of said bank and in charge of said funds. We think said facts were established by substantial evidence. As the case should be retried no occasion exists for any want of evidence establishing such facts.

Under Section 3688, Revised Statutes 1929 (Mo. Stat. Ann., p. 3239), the existence of a banking corporation, may be proved "by general reputation. . . ." [State v. Moreaux, 254 Mo. 398, 412, 162 S. W. 158, 162(11).] Appellant argues the direct statement of one who had been assistant cashier of the bank for over eighteen years that the bank was incorporated (admitted over objection) [see State v. Taylor (Mo.), 274 S. W. 47, 49(2), citing cases] did not establish its incorporation "by general reputation" [see, for instance, 14 C. J., p. 176, note 10[b] (1)]. We need not rule the issue; as the State offered in evidence (over appellant's objection) an exhibit, which appellant abstracts in the bill of exceptions as being a typewritten statement, dated "March 8, 1909," stating "that 'Fairport Bank of Fairport, Missouri,' has complied with the law and is duly incorporated from this date." Signed "John E. Swanger, Bank Commissioner." The certificate was to "Fairport Bank of Fairport, Missouri," a corporation. The information alleged the "Bank of Fairport," a corporation, was robbed. The trial and this appeal proceeds upon the theory that in each instance reference is made to one and the same corporate entity. We so consider it. [State v. Decker, 217 Mo. 315, 320(1), 116 S. W. 1096, 1097(1).] The prosecuting official should allege and prove the incorporation of the bank robbed under its correct corporate name. Appellant argues said exhibit is not the bank's charter or a certified copy thereof. Section 1095, Revised Statutes 1909 [somewhat similar to now Sec. 5347, R. S. 1929, Mo. Stat. Ann., p. 7569] required banking corporations to make a specified showing to the State Bank Commissioner before commencing business; and required, upon the requisite showing and after examination, that said Bank Commissioner "shall grant them a certificate to that effect. Such certificate . . . shall be taken in all the courts of this State *as evidence of* such *incorporation.*" It thus appears said exhibit, although not the charter of said bank or a certified copy thereof, under said Section 1095, was competent and sufficient evidence of incorporation.

Although appellant objected to witness Burnham testifying he was assistant cashier of the bank on the ground the records of the corporation were the best evidence of his employment, it was competent to establish his official position with the bank by the corporate records or by the parol testimony of a witness having personal knowledge of the fact where his title as an officer *de jure* was not directly involved. The witness, assistant cashier for eighteen years, had personal knowledge of his official position with the corporation and his employment as assistant cashier was a collateral issue in the

case. [See 16 C. J., p. 614, nn. 28-30; 22 C. J., p. 1012, nn. 49, 52; 2 Fletcher on Corporation (1931 Ed.), sec. 282; State v. Holcomb, 86 Mo. 371, 377.]

The information charged appellant as principal with the commission of an offense of robbery in the first degree under Section 4058, Revised Statutes 1929 (Mo. Stat. Ann., p. 2856); following informations heretofore held sufficient in form and substance therefor. [State v. Yates (Mo.), 252 S. W. 641, 644(2), and cases cited; State v. Huffman (Mo.), 238 S. W. 430, 435(1).]

Appellant contends statements of the prosecuting attorney in his opening statement and evidence showing the existence of a conspiracy between witnesses Johnson and Colter and appellant to commit the offense constituted reversible error because the information contains no charge of conspiracy; and relies upon Sections 3686 and 4244, Revised Statutes 1929 (Mo. Stat. Ann., pp. 3238 and 2964, respectively), and Section 22, Article II, Missouri Constitution, Section 4244 provides: "No agreement, except to commit a felony upon the person of another, or to commit arson or burglary, shall be deemed a conspiracy, unless some act besides such agreement be done to effect the object thereof, by one or more of the parties to such agreement." Section 3686 provides: "In trials for conspiracy, in those cases where an overt act is required by law to consummate the offense, no conviction shall be had, unless one or more overt acts be expressly alleged in the indictment and proved on the trial. . . ." Appellant argues that under said constitutional provision the accused has the right "to demand the nature and cause of the accusation" and since the felony charged is not within the exceptions mentioned in Section 4244, absent an allegation charging a conspiracy in the information, reference in the opening statement and in the evidence to any conspiracy or agreement to rob the bank was error. Section 4243, Revised Statutes 1929 (Mo. Stat. Ann., p. 2963), provides: "If two or more persons shall agree, conspire, combine or confederate: First, to commit any offense [several other prohibited acts are set forth] they shall be deemed guilty of a misdemeanor." Said Sections 4243, 4244 and 3686 were first enacted in 1835 [see R. S. 1835, p. 204, secs. 17 and 18, and p. 491, sec. 18, respectively], and the gravamen of the offense therein mentioned is the conspiracy, which should be alleged for a prosecution thereunder. The offense appellant stands charged with is robbery, not conspiracy; and the conspiracy is an incident and evidentiary fact thereto. [State v. Kolafa, 291 Mo. 340, 347, 236 S. W. 302, 305(2); State v. Meadows, 330 Mo. 1020, 1027(3), 51 S. W. (2d) 1033, 1037(12) and cases cited; State v. Parr, 296 Mo. 406, 419(5), 246 S. W. 903, 907(10); State v. Carroll, 288 Mo. 407, 232 S. W. 699, 702(5) and cases cited.]

During the closing argument the prosecuting attorney stated:

"I honestly believe, in my heart, he is guilty. I believe he is guilty, and I believe he is guilty under the evidence." Appellant objected to the prosecutor expressing his opinion of appellant's guilt and requested that he be reprimanded and the jury discharged. The court stated the prosecutor coupled the statement with the evidence, instructed him to be careful and keep within the evidence, but did not take further action. Appellant saved his exceptions. The State contends a conclusion drawn by an attorney from the evidence is proper argument [State v. Francis, 330 Mo. 1205, 1212(6), 52 S. W. (2d) 552, 555(5)], including his belief of a conviction being justified by the evidence [State v. Blackmore, 327 Mo. 708, 717(3); 38 S. W. (2d) 32, 36(8)]. However, the appeal to the jury in the instant case was for the conviction of appellant by reason of the belief of the prosecuting attorney not only as a deduction based upon the evidence but in addition his honest belief, in his heart, that appellant was guilty, including all facts and circumstances known to the prosecutor, whether in evidence or not. In this latter respect the argument was improper [State v. Pierson, 331 Mo. 636, 649(10), 56 S. W. (2d) 120, 125(10, 11) and cases cited; State v. Taylor, 330 Mo. 1036, 1047, 51 S. W. (2d) 1003, 1006(6); State v. Lenzner, 338 Mo. 903, 92 S. W. (2d) 895, and the mere admonition of the court "to keep within the evidence" was insufficient as a reprimand [State v. Goodwin (Mo.), 217 S. W. 264, 266(6) and cases cited] to remove the prejudicial effect of the improper argument permitted to remain in the record.

Appellant offered evidence tending to establish his good reputation for peace and quietude and as a law-abiding citizen, as well as for truth and veracity. His motion for new trial complains of the cross-examination of certain witnesses as to their having heard anything about appellant's reputation with reference to the other offenses. The State, in rebuttal, introduced evidence tending to show appellant's reputation was bad. Prosecuting attorneys should be fair in the cross-examination of defendant's character witnesses [State v. Hicks (Mo.), 64 S. W. (2d) 287, 288(3)]. Such cross-examination, when in good faith, has been held proper for the purpose of impeaching the character witness. [State v. Parker, 172 Mo. 191, 206(8), 72 S. W. 650, 655(7); State v. Bagby, 338 Mo. 951, 93 S. W. (2d) 241; State v. Harris, 324 Mo. 129, 143, 22 S. W. (2d) 1050, 1051(4); State v. Seay, 282 Mo. 672, 676(3), 222 S. W. 427, 429(4).] In State v. Williams, 337 Mo. 884, 87 S. W. (2d) 175, 180(9), cited by appellant, appellant's reputation as a defendant was not put in issue [see State v. Beckner, 194 Mo. 281, 296, 91 S. W. 892, 896.]

Appellant complains that the court failed to instruct on his good reputation for being a peaceful and law-abiding citizen, appellant having requested an instruction on that subject matter as well

as his good reputation for truth and veracity. Whenever necessary an instruction on good character should be given [Sec. 3681, R. S. 1929, Mo. Stat. Ann., p. 3227; State v. Lindsey (Mo), 7 S. W. (2d) 253, 254.] Evidence of appellant's reputation for truth and veracity went to his credibility as a witness, not his character as a defendant, and an instruction on that trait of appellant's reputation was not required. [State v. Harlow, 327 Mo. 231, 237, 37 S. W. (2d) 419, 421(4); State v. Steely, 327 Mo. 16, 20, 33 S. W. (2d) 938, 940(5); State v. Hayes (Mo.), 295 S. W. 791, 793(2); see State v. Finkelstein, 269 Mo. 612, 621, 191 S. W. 1002, 1005.] The court gave the usual instruction on good character [State v. Wissing, 187 Mo. 96, 104, 85 S. W. 557, 559(3)], which was held in State v. Maupin 196 Mo. 164, 175(4), 93 S. W. 379, 383(4), "as favorable as the defendant could ask." The contention is without merit.

██ Instruction No. 7 reads: "The court instructs the jury that the testimony of an accomplice in the crime, that is, the person who actually committed or participated in the crime, is admissible. Yet the evidence of an accomplice in crime, when not corroborated by some person or persons not implicated in the crime as to matters material to the issues, matters connecting the defendant with the commission of the crime as charged against him, ought to be received with great caution by the jury, and the jury ought to be fully satisfied of its truth before they should convict the defendant on such testimony. The court further instructs the jury that you are at liberty to convict the defendant, Lester Pope, on the uncorroborated testimony of an accomplice alone, if you believe the statements as given by such accomplice in his testimony to be true, if you further believe that the state of facts sworn to by such witness, if any, will establish the guilt of said defendant." Appellant attacks the instruction on several grounds: (1) that by the omission of the words "that is" between "matters material to the issues" and "matters connecting the defendant, . . ." it fails to limit the corroborating testimony to matters material to the issues; (2) that the last portion of the instruction permits of a conviction upon the testimony of the accomplices which was insufficient in the instant case to sustain a conviction: (3) that it gives the jury a roving commission to find appellant guilty upon such facts as they might consider necessary thereto; (4) that it omits to require the establishment of guilt beyond a reasonable doubt, and (5) is an abstract proposition of law. Appellant relies on the cases of State v. Chyo Chiagk, 92 Mo. 395, 412(5), 4 S. W. 704, 712; State v. Miller, 100 Mo. 606, 622(4), 13 S. W. 832, 836(4).

The instruction follows, word for word, the instruction in State v. Yates (Mo.), 252 S. W. 641, 645(7), and held good as against the first contention. [See State v. Affronti, 292 Mo. 53, 71(6), 238 S.

W. 106, 111(6).] While we approve the use of the words "that is" in the connection suggested, we think their omission was not fatal, for the instruction cautions the jury as to the weight and sufficiency of the testimony of an accomplice when not corroborated as to matters connecting the defendant with the commission of the crime as charged against him. That they might have taken into consideration the necessity of corroboration of some other matter or matters could not have prejudiced defendant. Instructions similar in material respects with the instructions in the instant case are found approved in State v. West (Mo.), 246 S. W. 541, 543(5), and cases cited; State v. Crab, 121 Mo. 554, 565, 26 S. W. 548, 550; State v. Cummins, 279 Mo. 192, 208(4), 213 S. W. 969, 975(5); State v. Bobbitt, 215 Mo. 10, 41(6), 114 S. W. 511, 520(6).

The second attack proceeds on the theory that since the testimony of the accomplices did not establish the incorporation of the bank, its ownership of the money taken, the venue and other essential facts, a conviction under their testimony was unauthorized. The attack ignores the last clause of the instruction requiring the jury to find appellant's guilt established by the testimony of the accomplices before they were authorized to convict on that testimony alone. If any essential element of the crime was not established by the testimony of the accomplices, the jury under the instruction, read in the light of the other instructions in the case, could not convict. However, the testimony of an accomplice may be taken into consideration along with the other evidence in the case; and if, under all the evidence (the evidence adduced from witnesses not accomplices when aided by the testimony of the accomplices), a defendant's guilt is established under the law as declared in the instructions of the court, the jury are authorized to convict. [See the instruction in the Bobbitt case, supra.] We perceive no reason why the instruction should not convey that declaration of law. We think the instruction as given was more favorable to appellant than the law of the case.

The instruction is a precautionary instruction, for the benefit of a defendant; and reading the given instructions as a whole, the other attacks are without merit. The court fully instructed on reasonable doubt and all the essential facts necessary to be found for a conviction.

Appellant complains of the trial court's refusal to give his requested Instruction C on the defense of alibi; which the State contends was covered by appellant's given Instruction No. 8. We are of the opinion the State's contention should be sustained. Under the evidence, the jury were authorized to find appellant guilty if the offense was committed in the furtherance of a conspiracy to which appellant was a party irrespective of his presence at the commission of the physical act constituting the offense, or if appellant

aided and abetted those committing the offense. Appellant's requested Instruction C unnecessarily extolled the virtues of the defense of an alibi, was argumentative in nature and failed to take into consideration appellant's guilt, although he was not present, if the offense was committed in the furtherance of a conspiracy to which he was a party. By appellant's Instruction No. 8 the jury were told that before they could find defendant guilty they "must find and believe from the evidence beyond a reasonable doubt that the State has established the truth of the following propositions: (First)" That appellant feloniously entered into a conspiracy with witnesses Johnson and Colter to rob the bank; "(Second)" That said bank was robbed in the furtherance of said conspiracy; "(Third)" That appellant "did unlawfully and feloniously aid and abet . . . Johnson and Colter in so robbing said bank by previously . . . going to . . . Fairport with . . . Johnson . . . and pointing out the . . . said bank to . . . Johnson as the bank to be later robbed by them, and that thereafter said bank was so robbed. . . . (Fourth) That on the day said bank was so robbed by Johnson and Colter, . . . Lester Pope . . . did unlawfully and feloniously accompany the said Johnson and Colter to a point a few miles distant from said bank and there pursuant to a previous form, design and plan, waited for said Johnson and Colter to so rob said bank, and return from the place of said robbery and that, thereafter said bank was so robbed by . . . Johnson and Colter . . . and that after said robbery the said Johnson and Colter and . . . Lester Pope did so meet according to said prearranged plans, and the said Pope did then and there feloniously assist the said Johnson and Colter in fleeing from the vicinity of said robbery. And *unless all of the foregoing propositions have been established to your entire satisfaction and beyond a reasonable doubt* your verdict must be for the defendant, Lester Pope, acquitting him of the crime charged. . . ." The State's main instruction proceeded upon the theory the offense was committed in the furtherance of a common purpose and design between appellant and Johnson and Colter to rob the bank; and given Instruction No. 8 was as (if not more) favorable to appellant as he could legally ask; for if the robbery was committed in the furtherance of a conspiracy between appellant, Johnson and Colter, appellant's presence as set forth in said Instruction No. 8 was not essential to his guilt. State v. Bobbitt, 228 Mo. 252, 271, 128 S. W. 953, 959, held the necessity for an instruction on alibi arose out of the fact the State submitted the case on two theories: "One, that the evidence tended to show the actual presence and participation of defendants" in the offense, "and the other, a conspiracy, in which their presence was not essential." [See State v. Gatlin, 170 Mo. 354, 369, 70 S. W. 885, 890; State v. Carr (Mo.), 256 S. W. 1043, 1048(19); 16 C. J., p. 977,

sec. 2375, n. 47; instruction in State v. Bobbitt, 242 Mo. 273, 285"9", 283(3), 146 S. W. 799, 803(3). Under appellant's given Instruction No. 8 the jury were required to acquit if the State failed to establish to their full satisfaction and beyond a reasonable doubt not only that appellant was at Fairport previous to the robbery and pointed out the bank to be later robbed, but, in addition, that on the day of the robbery he accompanied the robbers to a point a few miles distant from said bank and, after the robbery, there met the robbers according to prearranged plans and assisted them in fleeing from the vicinity of the robbery. Thus, the jury were told with particularity and in detail that if they entertained a reasonable doubt of the presence of appellant at the time and places mentioned in said Instruction No. 8, including his specific actions on each of said occasions, they should acquit. The proper purpose of an instruction on alibi (irrespective of any issue of appellant's right to such an instruction under the facts and submitted issues in the instant case) was fully accomplished. In State v. Bonner, 259 Mo. 342, 348, 168 S. W. 591, 592(1), an instruction reading: "The court instructs the jury that if there is any evidence before you that raises in your minds a reasonable doubt as to the presence of the defendant at the time and place where the crime is charged to have been committed (if you find a crime was committed) you will acquit the defendant;" was held to be "clear and complete, and . . . as definite and forceful as it was proper to make it." [See, also, instructions approved in State v. Shelton, 223 Mo. 118, 137, 122 S. W. 732, 738(7); State v. Brown, 247 Mo. 715, 727(2), 153 S. W. 1027, 1030(4); State v. Anglin (Mo.), 222 S. W. 776, 778(5); State v. Hilderbrandt, 285 Mo. 290, 296(3), 225 S. W. 1006, 1007(2); State v. Dworkin, 307 Mo. 487, 498(4), 271 S. W. 477, 480(8); and observations in State v. Brooks, 220 Mo. 74, 85(4), 119 S. W. 353, 356(4); State v. Prunty, 276 Mo. 359, 374(2), 208 S. W. 91, 95(5); State v. Mardino (Mo.), 268 S. W. 48, 51(6).]

From the foregoing, we are not required to rule on the necessity of the trial court giving a correct instruction on alibi when justified by the evidence where the instruction prepared and presented by the defendant does not correctly declare the law. State v. Bobbitt, 228 Mo. 252, 268, 128 S. W. 953, 958(6), is to that effect where the State submits the issue on the theory of defendant's actual presence and participation in the offense. Appellant mentions the approval of the Bobbitt case in State v. Lawrence (Mo.), 71 S. W. (2d) 740, 744(4), but its approval was not necessary to the ruling there made. Decisions to like effect as the Bobbitt case are: State v. Taylor, 118 Mo. 153, 165 et seq., 24 S. W. 449, 456; State v. Fox, 148 Mo. 517, 527, 50 S. W. 98, 101; State v. Koplan, 167 Mo. 298, 305, 66 S. W. 967, 969. An instruction on alibi constitutes no part of the State's case; and among the cases holding it is not a question of law upon

which the court is required to instruct within the meaning of the provisions of Section 3681, Revised Statutes 1929 (Mo. Stat. Ann., p. 3227, are: State v. Parker, 301 Mo. 294, 301(5), 256 S. W. 1040, 1042(5); State v. Cardwell, 312 Mo. 140, 144(3), 279 S. W. 99, 100(3); State v. Hubbard (Mo.), 295 S. W. 788, 789(3); State v. Wilson, 321 Mo. 564, 569(4), 12 S. W. (2d) 445, 447(4); State v. Bagby, 338 Mo. 951, 93 S. W. (2d) 241; State v. Taylor, supra (118 Mo. l. c. 168, 24 S. W. 449), states: "Alibi is not an extrinsic defense. It is a traverse of the material averments of the indictment 'that the defendant did then and *there* the particular act charged.'" And l. c. 174: "Now, all the better considered authorities hold that an *alibi* is not an affirmative extrinsic defense, '*but merely ordinary evidence in rebuttal.*'" If so, it should follow that an instruction on alibi is the converse of the State's main instruction in so far as such main instruction requires the defendant's presence at the scene of the crime. [State v. Cardwell, 312 Mo. 140, 279 S. W. 99; State v. Wilson, 321 Mo. 564, 569(4), 12 S. W. (2d) 445, 447(4).] Our latest decisions hold that upon *formulating a correct declaration of law and requesting* the court to give it, a defendant is entitled to the converse of the State's main instruction [State v. Ledbetter, 332 Mo. 225, 228(3), 58 S. W. (2d) 453, 454(3)]; otherwise not [State v. Tucker, 333 Mo. 171, 178(5), 62 S. W. (2d) 453, 455(5); State v. Buckner (Mo.), 80 S. W. (2d) 167, 169(8)].

The point is ruled against appellant.

■ The court refused appellant's Instruction F, telling the jury that verbal statements, if any, made by defendant in relation to the offense should be received with great caution; "as they are subject to much imperfection and mistake, owing to the person speaking not having clearly expressed his own meaning, or the person spoken to not having clearly understood the speaker. It frequently happens, also, that the witness, by unintentionally altering a few words or expressions really used, gives an effect to the statement entirely at variance with what the speaker actually did say." The instruction related to a collateral matter. [State v. Evans, 324 Mo. 159, 166(3), 23 S. W. (2d) 152, 154(4).] Given Instruction No. 4 (the usual instruction on credibility, etc.) told the jury that "they were the *sole* judges of the credibility of the witnesses and the weight and value to be given their testimony," and in determining such factors that, among other things, they might take into consideration the opportunity the witness had to observe and to be informed upon the matter about which such witness testified. One of the purposes of the jury's presence was the weighing and valuing of the fact inferences mentioned in refused Instruction F, the whole of which was proper argument under given Instruction No. 4 for their consideration. [State v. Henderson, 186 Mo. 473, 493, 85 S. W. 576, 583 (although assenting to such a cautionary instruction in a proper case,

states: "The better opinion, upon authority and reason, would seem to be that it is not necessary to give the jury a cautionary instruction against the statements of a defendant"); State v. Smith, 250 Mo. 350, 372, 157 S. W. 319, 325(11).] As we read the record, the verbal statements testified to were not made in the course of casual conversations, but at a time when appellant was being questioned concerning his participation in the offense; and the cases relied on by appellant [State v. Glahn, 97 Mo. 679, 693(3), 11 S. W. 260, 264(3); State v. Moxley, 102 Mo. 374, 390(8), 14 S. W. 969, 973(8); State v. Hendricks, 172 Mo. 654, 668, 73 S. W. 194, 199], basing the propriety of the requested instruction upon statements made in a casual or ordinary conversation (as well as for other reasons) do not rule the issue [State v. Hendricks, supra, 172 Mo. l. c. 670, 73 S. W. l. c. 199, speaking of a dying declaration]. State v. Smith, supra, states ". . . a cautionary instruction, such as requested by defendant, should be given as a corollary to the instruction upon the weight to be attached to such verbal statements." In the instant case the court did not instruct the jury as to the weight and value they should attach to any admissions or denials of the offense by appellant. Instructions *infringing upon the liberty of the jury* to determine for themselves the weight and value of a witness' testimony narrating what an accused has said concerning his participation in the offense have been recently condemned by this court [See State v. Long, 336 Mo. 630, 643(18), 80 S. W. (2d) 154, 161(11); State v. Duncan, 336 Mo. 600, 612(6), 80 S. W. (2d) 147, 153(15); State v. Johnson, 333 Mo. 1008, 1013, 63 S. W. (2d) 1000, 1003; and cases cited in the foregoing opinions] and the same reasons sustain the refusal of appellant's Instruction F. State v. Clump, 16 Mo. 385, 387, held the refusal of an instruction telling the jury to receive verbal confessions with great caution was not reversible error.

Appellant makes several complaints of alleged misconduct and separation on the part of the jury. Only one need be noticed as the others relate to occurrences not likely to be repeated at another trial. The jury, in charge of two deputy sheriffs, were quartered for two nights at the only rooming house available where they could be kept away from other persons. The case had been submitted to the jury for their deliberation prior to the second night. The accommodations at the rooming house did not permit of the jury and the officers being quartered in one room or on one floor of the building. This resulted in the twelve jurors occupying all the rooms on the second floor of the rooming house the first night and the officers occupying a room at the foot of the only stairway leading to the second floor. On the second night eleven jurors and one officer, so stationed that he could observe the movements of any juror leaving his room, occupied the rooms on the second floor while the other officer and one juror occupied the room at the foot of the stairs on the first floor.

We have recently had occasion to review the issue of separation on the part of the jury. ". . . The mere physical separation of the jury for sleeping purposes in case of necessity or for their better accommodations does not violate a statute forbidding a separation, provided they remain in the custody and under the surveillance (not necessarily ocular) of the officer in charge of them." State v. Shawley, 334 Mo. 352, 378(X), 67 S. W. (2d) 74, 87 (28-32); followed in State v. Arnett, 338 Mo. 907, 92 S. W. (2d) 897, where, prior to deliberation, eleven jurors were quartered on the second floor and one juror and an officer on the first floor. The Shawley case treats of the conduct of the jury pending deliberation. In view of the affidavits of the deputy sheriffs and the landlady to the effect that no one had access to or communicated with the jury during their stay at the rooming house, the action of the trial court on this issue should be sustained. [State v. McGee, 336 Mo. 1082, 1092(b), 83 S. W. (2d) 98, 104(7).]

For the error noted, the judgment is reversed and the cause remanded. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.