**STATE of Missouri, Respondent,**

v.

**Joseph Ward ANDREWS, Appellant.**

No. 49426.

Supreme Court of Missouri,

Division No. 2.

Oct. 14, 1963.

No attorney for appellant.

Thomas F. Eagleton, Atty. Gen., Jefferson City, George D. Chopin, Sp. Asst. Atty. Gen., St. Louis, for respondent.

STOCKARD, Commissioner.

Joseph Ward Andrews was found guilty by a jury of robbery in the first degree by means of a dangerous and deadly weapon. Section 560.120 RSMo 1959, V.A.M.S. After finding that the defendant had previously been convicted and sentenced for the felony of assault with intent to rob and also for the felony of grand larceny, as alleged in the information, punishment was fixed by the trial judge at life imprisonment. See Section 560.135, RSMo 1959, V.A.M.S. Sentence and judgment followed, and defendant has appealed.

Defendant has filed no brief in this court. In this situation this court will review the assignments of error properly preserved in the motion for new trial. State v. Parks, Mo., 331 S.W.2d 547. The first two assignments are that the trial court erred in denying defendant's motions for judgment of acquittal filed at the close of the state's case and at the close of all the evidence. Defendant offered no evidence, but the record shows that he twice made the identical motion for judgment of acquittal at the close of the state's evidence. The resulting question is whether the state made a submissible case, and in ruling this question we consider all the evidence, and the reasonable inferences therefrom, from a standpoint favorable to the state. When so considered a jury reasonably could find the following facts and circumstances.

At nine o'clock in the morning of September 1, 1961, appellant and Charles Garton entered the Farley State Bank in Farley, Missouri. Appellant took a revolver from his shirt, pointed it at those present including Mr. James W. Farley, executive vice president of the bank, and announced that "this is a hold up, everybody do what you are told and nobody will get hurt." All

the persons present except Mr. Mike Jarowitz, the cashier, were directed to go to the directors' room. Charles Garton then directed Mike Jarowitz to open the vault and to put currency in a bag which Garton produced, and to give to Garton a money bag containing 647 silver dollars. Jarowitz was then required to enter the directors' room with the others, and appellant and Garton ran from the bank, got into an automobile and drove off. The Reverend Mr. George Zunker, a Lutheran minister who was standing nearby, wrote down the license number of the automobile. The amount of money taken from the bank in the robbery was $13,613.00.

Jack Streater, the driver of the "getaway" automobile used in the robbery, testified for the state. The substance of his testimony was that he, appellant and Garton drove from Kansas City to Farley, Missouri, and appellant and Garton entered the Farley State Bank. After Streater turned the automobile around, appellant and Garton came out of the bank and appellant had some money and a gun in his hands. He drove "out in the country" where appellant and Garton got out of the automobile and Streater then drove to his farm. That evening when Streater picked up appellant and Garton they told him that they had hidden the silver dollars in a hollow tree. They then returned to Kansas City where the money was divided, and Streater's share was $4,100. He was to divide the silver with appellant at a later time. Appellant gave Streater $3,000 of his share to hide for him, and the next day when appellant went to Streater's farm, Streater returned the $3,000 to him and gave him a bucket in which to hide the money. After Streater was arrested he went with some state troopers and located the hollow tree, and they then found a bag containing a shotgun, a revolver, a sack with 637 silver dollars in it, some shotgun shells, ten loose shells and three hats. In Streater's automobile when he was arrested the police found $2,330, and the serial numbers on a "sampling" of the bills were the same as the numbers on bills received on June 2, 1961, from the Federal Reserve Bank in Kansas City, Missouri.

There is no question, in view of the above facts, that a jury was authorized to find that appellant was guilty of robbery in the first degree by means of a dangerous and deadly weapon. See State v. Ray, Mo., 354 S.W.2d 840; State v. Martin, Mo., 346 S.W.2d 71; State v. Griffin, Mo., 339 S.W. 2d 803, certiorari denied 366 U.S. 938, 81 S.Ct. 1666, 6 L.Ed.2d 849. However, in each of the two motions for judgment of acquittal, appellant asserted that while the information charged that he robbed James W. Farley, the evidence showed that Mike Jarowitz signed for the money, was in control of it, and therefore it was from Jarowitz and not Farley that the money was taken.

Mr. Jarowitz testified that he, as cashier, was "responsible for the money." However, all the employees took money from the vault and placed it in the tellers' cages. All employees worked in each teller cage when needed, and the money was not under the exclusive care or custody of any one person. Mr. Farley was the executive vice president of the bank and all the employees including Mr. Jarowitz, were under his "direct supervision and control." Mr. Farley accepted the money for the bank when it was received from the Federal Reserve Bank. As the executive officer all the money in the bank was under his custody, and his custody and control were exercised through the various employees, including Mr. Jarowitz. The evidence establishes that by reason of the use by appellant of a dangerous and deadly weapon Mr. Farley was placed in fear of immediate injury to his person, and that money in his care and custody was taken therefrom by appellant. The proof did not vary from the allegations of the indictment but conformed thereto. See State v. Pope, 338 Mo. 919, 92 S. W.2d 904; State v. Davis, Mo., 58 S.W.2d 305. The first two assignments are without merit.

Assignments of error numbered 3 and 8 are totally insufficient to preserve anything for appellate review under Supreme Court Rule 27.20, V.A.M.R. Those assignments, with authority for holding them to be insufficient, are as follows: "3. That the verdict is contrary to the weight of the evidence when taken as a whole," State v. Pruett, Mo., 342 S.W.2d 943, and "8. That the court erred in granting the instructions offered by the state over defendant's objections for the reason that the instructions were vague, ambiguous, redundant and failed to properly state the law of the case." State v. Pinkerman, Mo., 349 S.W.2d 951, 952.

Assignments of error numbered 4 and 7 are as follows: "4. That the verdict is not supported by substantial credible evidence," and "7. That the state failed to prove all the elements of the offense beyond a reasonable doubt as required by law." Insofar as these two assignments may be considered to challenge the sufficiency of the evidence, that question has been previously ruled by our holding concerning the first two assignments of error. As to any other issue these assignments are insufficient under Supreme Court Rule 27.20, V.A.M.R., to present any issue for appellate review.

Assignment of error numbered 5 is that the trial court erred in failing to grant appellant's motion to quash the jury panel "for the reason that no women were on the panel in violation of defendant's constitutional rights." There is no provision in the statutes or in the constitution requiring that women be called on every jury panel. The constitution even grants a woman the option to be exempted from serving on a jury if she chooses. Article I, Section 22(b), Constitution of Missouri. "An 'impartial jury of the county' is the constitutional right expressly granted an accused in a criminal prosecution. * * * There is nothing in the constitution or statutes which requires an accused, man or woman, to be tried by a jury composed of both men and women, or now of men only, or of women only, or of any definite proportion of the two sexes. While an accused has the right to a jury fairly selected, still his right is not to pick out the jury, but to reject any who are unqualified or prejudiced. He is only guaranteed an impartial jury, fairly selected." State v. Taylor, 356 Mo. 1216, 205 S.W.2d 734, 738. Appellant does not claim that there was a purposeful and systematic exclusion of women from the prospective jurors, nor does the record show that such occurred. The fact that there were no women on the panel, without anything more, does not establish that the jury was improperly selected to the prejudice of appellant. There is no merit to this contention.

The remaining assignment of error is that the trial court "erred in overruling defendant's objections to the introduction of all the state's exhibits for the reason that said exhibits were not connected with the defendant." This assignment properly could be considered too indefinite and general to present any issue for appellate review. However, we have examined carefully the circumstances surrounding the admission into evidence of all exhibits in the case, of which there were twenty-five in number, and we find that all were properly admitted. For example, exhibit 1 was the revolver identified by four employees as the one used by appellant in the robbery. Exhibit 2 was an olive drab bag taken from the hollow tree and identified as being similar to the one in Garton's possession on the morning of the robbery and used by him during the robbery. Exhibit 3 was the Federal Reserve money bag taken from the hollow tree which was identified as being similar to the one taken from the bank vault containing the silver dollars. We could continue to describe each exhibit and by so doing demonstrate that without exception each exhibit was properly identified, was admissible, and that each was "connected with the defendant." Instead of extending the length of this opinion, it is sufficient to say that our examination discloses that the contention of appellant is totally without merit.

Pursuant to our discretionary authority to determine whether there occurred plain error affecting substantial rights, Supreme Court Rule 27.20(c), V.A.M.R., we have carefully read and examined the entire transcript, and our examination discloses no such error. We have also examined those matters in the record for which no assignment of error is required. Supreme Court Rule 28.02, V.A.M.R. The information is in proper form and is sufficient. The verdict of the jury is in proper form and is responsive to the issues, and the punishment fixed by the trial judge is within the limits prescribed by law. The record shows that appellant was arraigned and pleaded not guilty. Appellant and his counsel were present throughout the trial. Appellant was granted allocution, and the judgment is responsive to the issues and the verdict.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.