**STATE of Missouri, Respondent,**

v.

**Roy Kenneth TAYLOR, Appellant.**

**No. 53189.**

Supreme Court of Missouri, Division No. 2.

July 8, 1968.

and 118 cartons of cigarettes were taken. Muddy tracks between the rest room window and the storage room were noted by investigating officers the morning of February 2, 1967. Appellant's union card was discovered on top of the mud in front of the rest room door. Later the morning of February 2, 1967, appellant was observed by Trooper Vernon Cole riding in an automobile driven by Ronald Seymour. The automobile was stopped, and appellant and Seymour were arrested. Trooper Walter Aytes arrived, and the officers opened and searched the trunk of the automobile. They found several boxes containing cartons of cigarettes in the trunk of the automobile.

Appellant contends the trial court erred in overruling his motion to suppress the evidence relating to the discovery of cigarettes in the trunk of the automobile.

" * * * A defendant is not permitted to raise the question of an illegal search of someone else's property. * * * The constitutional limitations upon search and seizure apply only to the owner or to one in possession of the premises or property." State v. Worley, Mo.Sup., 383 S.W.2d 529, 534; State v. Martin, Mo.Sup., 347 S.W.2d 680; State v. Green, Mo.Sup., 292 S.W.2d 283; State v. Egan, Mo.App., 272 S.W.2d 719.

Norman H. Anderson, Atty. Gen., Jefferson City, James R. Reinhard, Sp. Asst. Atty. Gen., Paris, for respondent.

Jay White, Rolla, for appellant.

DONNELLY, Judge.

Appellant, Roy Kenneth Taylor, was convicted of burglary in the second degree and stealing by a jury in the Circuit Court of Phelps County, Missouri. (Sections 560.070, 560.156 and 560.110 RSMo 1959, V.A.M.S.) Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

Appellant does not question the sufficiency of the evidence. Stuckey's of Rolla Gift Shop, located in Phelps County, Missouri, was broken into and entered the night of February 1 and 2, 1967. Money

■ Appellant has no standing to complain of the search of the automobile. It was not owned by appellant and was being driven by Seymour. Appellant's contention is without merit.

■ Appellant complains of a portion of the prosecuting attorney's argument to the jury. The argument complained of is as follows:

"It appears to me in this case, as far as I'm concerned in my own belief, I—I believe just as stout, as sure as I'm standing here, this defendant is guilty. Of course, that don't mean all you fellows have to believe that.

"MR. J. V. WHITE: Just a minute! I want to make an objection. I object to that statement of the Prosecuting Attorney because it's very prejudicial and improper, gives a personal opinion of the Prosecuting Attorney regarding the guilt of this defendant, and ask that the jury be ordered *do* disregard it and the jury be discharged and a mistrial declared.

"THE COURT: The objection is sustained. The Prosecuting Attorney is advised that that's a very improper statement.

"The jury's advised to disregard the Prosecuting Attorney's personal belief about the matter. It's for the jury to determine the facts, from the evidence they have heard. * * * "

Of course, "it is improper for a prosecuting attorney to express to the jury in argument his belief of the defendant's guilt in such way that it implies knowledge on his part of facts not in evidence pointing to the defendant's guilt." State v. Lenzner, 338 Mo. 903, 905–906, 92 S.W.2d 895, 896. However, the "control of arguments of counsel is largely within the discretion of the trial court, State v. Benjamin, Mo., 309 S.W.2d 602, 606, and the granting or refusal of a mistrial for improper argument lies largely within the discretion of the trial court. State v. King, Mo., 334 S.W.2d 34, 40; State v. Hardy, 365 Mo. 107, 276 S.W.2d 90, 95." State v. Williams, Mo.Sup., 419 S.W.2d 49, 51; State v. Clark, Mo.Sup., 412 S.W.2d 493, 497. The trial court took firm and corrective action. We do not find an abuse of discretion.

■ The judgment entered by the trial court reads as follows:

"Now on this 29th day of June, 1967, comes Zane H. White, prosecuting attorney for the County of Phelps and State of Missouri and comes the defendant, Roy Kenneth Taylor with his attorney, Jay White; and the Court having prior to trial hereon, given defendant opportunity and reasonable time to consult with his said counsel and with a friend, whereupon, the defendant elects to be tried by jury and jury returned into open Court its' verdicts finding defendant guilty as charged in the information of Burglary in the second degree and the Court having assessed defendant's punishment on the charge at confinement in State Department of Corrections for a term of *Two (2) years* and finding defendant guilty as charged in the information of stealing in connection with burglary, and the Court having assessed defendant's punishment on that charge of confinement in State Department of Corrections for a term of *two (2) years.*

"Whereupon, said defendant is informed by the Court that he has heretofore been found guilty by a jury of the crime of burglary in the second degree and stealing, under an information against him and being now asked by the Court if he had any legal cause to show why judgment should not be pronounced against him according to law, and still failing to show such cause, it is therefore sentenced, ordered and adjudged by the Court that the said defendant, Roy Kenneth Taylor, having been found guilty as aforesaid, be confined in the State Department of Corrections for the period of *Four (4) years,* and that the Sheriff of this County shall, without delay, remove and safely convey the said defendant to the said State Department of Corrections, there to be kept, confined and treated in the manner directed by law, and the Superintendent of said State Department of Corrections is required to receive and safely keep him the said defendant in the State Department of Corrections aforesaid until the judgment and sentence of the Court herein be complied with, or until the said defendant shall be otherwise discharged by the due course of law.

"It is further ordered by the Court the sentences above for burglary in second degree and for stealing in connection with burglary, be and hereby ordered to run *concurrently.*" (Italics ours.)

There is an inconsistency in the judgment. If the two-year sentences are to run consecutively, appellant will serve four years. If the two-year sentences are to run concurrently, appellant will serve two years. We affirm the case on the merits. The judgment and sentence are set aside and the cause is remanded with directions to re-impose sentence and to re-enter judgment. Section 560.110, RSMo 1959, V.A.M.S.

All of the Judges concur.