**STATE of Missouri, Plaintiff-Respondent,**

v.

**Ronald Eugene SEYMOUR, Defendant-Appellant.**

**No. 53792.**

Supreme Court of Missouri,
Division No. 1.

March 10, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Carl R. Gaertner, Special Asst. Atty. Gen., St. Louis, for respondent.

Jay White, Rolla, for appellant.

WELBORN, Commissioner.

Appeal from three-year concurrent sentences for burglary in the second degree and stealing.

Sometime after the close of business on February 1, 1967, Stuckey's Gift Shop on Interstate 44 in Phelps County was broken into. Employees opening the shop at around 8:00 A.M. on the following morning found that a window in the men's restroom had been broken. Mud had been tracked around the interior of the building. $50 in one cash register was missing and an unspecified amount of coins had been taken from another register. 118 cartons of cigarettes were missing from a storage room. The employees who first arrived at the store found a plastic card case on the floor

in front of the restroom door. The case contained a union card bearing the name "Roy Taylor." See State v. Taylor, Mo.Sup., 429 S.W.2d 254.

Trooper Cole of the State Highway Patrol was called to the scene. He examined the building and the area outside where he observed numerous footprints in the mud. He took possession of Taylor's union card.

Cole went to troop headquarters and then to Rolla. He was in the courthouse when he looked out the window and saw Taylor, whom he knew, in an automobile driven by defendant Seymour. The trooper went to his patrol car and followed the Seymour vehicle to the junction of Highways 63 and 72, south of Rolla, where he stopped the Seymour auto. He told the occupants of the auto that they were under arrest for the burglary of Stuckey's Gift Shop. Taylor was handcuffed and put in the rear seat of the patrol car. Seymour got in the front seat, beside the patrolman.

A call for assistance was made and shortly Trooper Aytes of the patrol appeared. Seymour and Taylor were again told that they were under arrest. Seymour was told that the troopers were going to check his auto. Cole went to the Seymour vehicle, removed the key from the ignition and opened the trunk. Three or four cases of cigarettes were observed in the trunk. Seymour's car was driven to troop headquarters, where four cartons containing cigarettes were removed from the trunk. The defendant filed a motion to suppress the evidence of what had been discovered in the Seymour auto, on the grounds that the search of the vehicle was illegal and in violation of defendant's constitutional rights under state and federal constitutions. A pre-trial hearing on the motion was held, and the motion was overruled. The evidence was presented at the trial over defendant's renewed objection to the legality of the search which produced it. On this appeal, the contention is renewed.

Appellant's point is twofold: First, there was not a lawful arrest, and, second, the search was not reasonably incident to the arrest. On the first argument, appellant states that the information known to the officers did not justify the arrest of appellant. "Mere association," he asserts, "could lead to further investigation but is not sufficient to make probable cause for arrest." As appellant acknowledges, the question is essentially whether the officers had probable cause at the time of the arrest to believe that appellant had been involved in the Stuckey burglary.

The officers knew that the Stuckey burglary had been committed. Taylor's "calling" card found at the scene would have afforded reasonable grounds for his arrest. The basis of appellant's arrest necessarily was his association with Taylor. He was a known associate. He was known to have been with Taylor the previous evening. He was seen with Taylor on the morning after the fact of the burglary came to light. The investigating officer was not certain that the footprints at the scene of the offense had been made by more than one person, although he did surmise that more than one person was involved.

These are the facts which must justify the arrest. The state mentions the further fact that muddy gloves were discovered in the automobile. However, Trooper Cole, who made the original arrest, testified that he did not see the gloves until after he had advised Seymour and Taylor that they were under arrest. Therefore, that evidence could not properly be considered in determining the existence of probable cause for the arrest. Federal constitutionally protected rights are involved and determination of the validity of the arrest must be made in the light of the standards imposed for the protection of such rights. Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142. The subsequent discovery of the gloves and the cigarettes cannot be relied upon to uphold

the validity of the arrest. After the event justification is not permissible. The language of some earlier cases in this court which would bolster the validity of an arrest by the fact that the defendant was ultimately convicted (e. g. State v. Berstein, Mo.Sup., 372 S.W.2d 57, 59; State v. Cantrell, Mo.Sup., 310 S.W.2d 866, 869–870; State v. Williams, 328 Mo. 627, 14 S.W.2d 434) is not in accord with the standards prescribed by Beck v. Ohio, supra, which standards must prevail.

■ The existence of probable cause for an arrest must necessarily depend upon the facts of each particular case. "The existence of 'probable cause,' justifying an arrest without a warrant, is determined by factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. It is a pragmatic question to be determined in each case in the light of the particular circumstances and the particular offense involved." 5 Am.Jur.2d, Arrest, § 48, p. 740.

Analysis of the evidence here relied upon by the state to show probable cause for the arrest of Seymour produces the conclusion that the fundamental reliance must have been on the presence of the definite suspect, Taylor, in Seymour's auto. The state refers to the knowledge that Taylor and Seymour were associates and to the knowledge that they had been seen together the previous evening. The source of such information is not shown, nor is there any attempt to fix the time at which they were together. In any event, that knowledge had not been relied upon to cause a pickup order for Seymour. Trooper Cole does not fix the time that he first observed the Seymour auto and started in pursuit of it. There is nothing to indicate that Seymour attempted to flee from the patrol pursuit. Trooper Aytes fixed the time at which he arrived at the scene of the arrest as approximately 10:30 A.M. In any event, the time when Taylor and Seymour were seen together was not so near the time of the offense as to warrant an inference that they were together at such time.

■ Association with one known or reasonably suspected to be guilty of a crime may be a circumstance to be considered in connection with other circumstances tending to show reasonable grounds to believe that such person has participated in such criminal activity. See People v. Harper, 365 Mich. 494, 113 N.W.2d 808, 811 [3]. However, in our opinion, the fact of association is not, in and of itself, reasonable grounds for arrest. That is the situation here presented. We are of the opinion that the facts known at the time of Seymour's arrest did not afford a reasonable ground to believe that he was involved in the Stuckey burglary.

In this connection, we have given the state the benefit of all of the evidence in the record tending to support the arrest. Actually, only Trooper Aytes testified on the motion to suppress. The initial arrest was made by Trooper Cole. There was no evidence that he had any knowledge of the previous association of Taylor and Seymour. Insofar as appears, he knew only that Taylor's card had been found at the scene. He chanced to see Taylor in Seymour's automobile and placed both under arrest. It appears to us that the state should have been obliged, once the fact of arrest without a warrant had been established, to justify the arrest by Trooper Cole's knowledge, but he was not called upon to testify on the motion to suppress. We do know, from an examination of the file in State v. Taylor, supra, that Trooper Cole was the only witness relied upon by the state in opposing the motion to suppress in that case.

The arrest not having been authorized, the attendant search was likewise unauthorized and the motion to suppress should have been sustained. It appears from the transcript that the state presented all of the evidence available on the subject of Seymour's guilt. There was reference to fingerprint searches and mud analyses

which had proved fruitless. The case against Taylor was based upon the presence of the cigarettes in his automobile. Therefore, the defendant should be discharged.

Judgment reversed and defendant ordered discharged.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.