**STATE of Missouri, Respondent,**

v.

**Joe Raymond BOOKER, Appellant.**

No. 54623.

Supreme Court of Missouri,
Division No. 2.

June 8, 1970.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., for respondent.

Jerry S. Estes, Scott City, for appellant.

STOCKARD, Commissioner.

Defendant Joe Raymond Booker and Benjamin Henry Ward were charged by information with robbery by means of deadly and dangerous weapon. At defendant's request a severance was granted. Subsequently an amended information was filed, in which defendant alone was named, charging the same offense under the habitual criminal act. The trial court held the proof of the previous conviction charged in the amended information to be insufficient. The jury found defendant guilty and fixed the punishment at imprisonment for a term of twenty-five years.

From the evidence presented by the State, the jury reasonably could have found the occurrence of the following events.

About 9:30 o'clock in the morning of April 23, 1968, defendant and Benjamin Henry Ward entered a store owned and operated by Mr. V. S. "Jack" Stephens located a few miles north of Sikeston, Missouri. Ward carried a sawed-off shotgun and defendant carried a long wrench handle. Ward struck Mr. Stephens with the shotgun and dragged him behind the counter of the store and held the shotgun on him. Defendant made Mrs. Stephens open the cash register. He took the money from it and also $25 from her purse. Defendant also took a German automatic pistol and a .22 caliber pistol. Defendant then demanded the keys to the Stephens automobile, a 1962 White Chevrolet, and drove away in it on Highway 61 headed east.

928

Neither Mr. nor Mrs. Stephens saw another automobile. That morning Mr. Isaac Tate saw Ward, whom he knew, driving a red 1965 Plymouth on Highway 61 north of Sikeston. About one-half mile behind it was a 1962 White Chevrolet, subsequently identified as the Stephens automobile, being driven by a colored person, but Mr. Tate did not recognize him. After the Chevrolet passed Mr. Tate, he saw it turn over at a curve in the road, and he saw the driver of the Chevrolet run to the Plymouth and get in it.

Pursuant to a radio message, Highway Patrolman Robert G. Mouser stopped a 1965 Plymouth, described as maroon in color, near Perryville, Missouri which was being driven by Ward and in which defendant was a passenger. Both Ward and defendant were subsequently placed under arrest. The automobile was searched and found therein was a double-barreled sawed-off shotgun, the German automatic pistol and the .22 caliber pistol which had been taken at the time of the robbery, $165.95 in cash contained in a cloth glove, four shotgun shells, and a cloth satchel containing some grease paint, some long strands of hair, and some paint remover. The guns and the money were under the "console" in the front seat.

Defendant did not testify, but he called as his only witness Benjamin Henry Ward. He testified that the Plymouth belonged to him and that he and defendant left St. Louis early in the morning of April 23, 1968, and drove to Cape Girardeau. They had approximately $160 between them which they placed in the "console" of his automobile for safe keeping. At Cape Girardeau they picked up two soldiers and took them to Sikeston to catch a bus and were paid $10. They then drove to an overpass near Benton, Missouri where they had some car trouble. While they were working on the automobile two colored persons in a 1963 red Plymouth stopped to help. Those two persons offered to sell, and Ward purchased, the shotgun and the two pistols which were later found in his automobile.

Prior to trial defendant filed a motion to suppress as evidence the items taken from the automobile on the grounds that the search and seizure were made without a warrant, that no crime had been committed in the presence of the arresting officer, and there was no probable cause for the arrest. An evidentiary hearing was held in which defendant called Patrolman Mouser as a witness and the facts and circumstances of the arrest and search were developed in detail, but in view of defendant's contention on this appeal we need not set out the evidence, except to say that neither defendant nor Ward testified at that hearing. The motion to suppress was overruled, and when the items which had been seized from the Plymouth automobile were offered in evidence at the trial defendant did not object on the basis set forth in his motion to suppress. In defendant's motion for new trial there is no assignment of error that the trial court erred in overruling the motion to suppress filed by defendant in this case, and there is no assignment of error that the items were erroneously admitted in evidence. Instead, defendant's assignment of error, which we set out verbatim because of its unusual nature, was as follows: "Trial court committed error in not sustaining the Motion to Suppress which was heretofore filed in Case No. 6805, State of Missouri vs. Benjamin H. Ward; that in light of such error, State's Exhibit 4 [a jury list], 5 [a photograph of Ward], 6 [the German automatic], 7 [the .22 caliber pistol], 8 [the sawed-off shotgun], and 9 [the wrench handle] were not admissible in evidence due to the illegal search and seizure in violation of Rule 33 of the Rules of Criminal Procedure in Section 14 of Article 1 of the Constitution of Missouri and the Fourteenth Amendment of the Constitution of the United States." We first note that Exhibits 4, 5 and 9 were not obtained as the result of a search of the Plymouth automobile. The wrench handle was abandoned by the robbers at the scene of the crime. Next, although the transcript does not show that the evidence taken at the hearing on the motion to suppress filed by Ward in

his separate trial was offered in evidence in this case in support of defendant's assignment of error in his motion for new trial, the reporter has incorporated in the transcript of defendant's case a 59-page transcript of the hearing on Ward's motion to suppress in his separate trial.

On this appeal, defendant does not contend that the trial court erroneously overruled his motion to suppress. Instead, the point on appeal is as follows: "The trial court erred in permitting the State to introduce into evidence State's Exhibits 4, 5, 6, 7, 8 and 9 as they should have been returned to Benjamin Henry Ward, the codefendant, pursuant to his motion to suppress hereto filed with the trial court in Scott County, Missouri, being case No. 6805." Defendant presents no argument as to why the court erred in overruling his motion to suppress, but instead "To substantiate this position [that is, that Ward's motion should have been sustained], the argument set out in [Ward's] brief, Case No. 54480, * * * will be repeated." There then follows what purports to be the argument in the brief filed by Ward as appellant in State v. Ward, Case No. 54480, which is pending in Division I of this court. That argument is based on the evidence received at the hearing on the motion to suppress filed in Ward's case in which seven witnesses testified, and not on the evidence received at the hearing on defendant's motion to suppress where only one witness testified. We note, also, that at trial when the various items were offered in evidence there was no objection on the ground now set forth in defendant's point on this appeal.

■ In this case the evidence establishes that the Plymouth automobile was the property of Ward, and there is no contention that defendant had or claimed any interest or any possessory right in it whatever. In addition, Ward testified that the shotgun and the two pistols had been purchased and paid for by him. There is no evidence that defendant had or claimed any interest in them. It has long been the rule that "A defendant is not permitted to raise the question of an illegal search of someone else's property. * * * The constitutional limitations upon search and seizure apply only to the owner or to one in possession of the premises or property." State v. Worley, Mo., 383 S.W.2d 529. See also State v. Taylor, Mo., 429 S.W.2d 254; State v. Martin, Mo., 347 S.W.2d 680; and State v. Green, Mo., 292 S.W.2d 283. Defendant has no standing to complain of the search of the Plymouth automobile. It was not owned by defendant, and he claimed no possessory interest therein. Also, defendant claimed no interest in the property seized as the result of that search, and made no objection to the admission in evidence of those items on the ground now asserted. Defendant's contention on this appeal is without merit.

The remaining two points are somewhat related and may be considered together. Defendant contends that the court erred in "permitting the State to proceed to trial based upon the information as filed" because it was in "conflict with the evidence at the close of trial," and Instruction No. 1 was erroneous in that it submitted that defendant committed robbery by means of a dangerous and deadly weapon, a double barreled shotgun. Defendant argues that the only evidence was that he had a long handled wrench and that Ward had the shotgun.

■ In State v. McKissic, Mo., 358 S.W. 2d 1, the information charged the defendant with robbery "by means of a dangerous and deadly weapon, to-wit; a pistol, * *." The evidence in that case was that a coconspirator of defendant, and not defendant, used a pistol in carrying out the robbery. It was held that it was not necessary to show that defendant committed all the acts constituting the elements of the offense. Reliance was placed on § 556.170 RSMo 1959, V.A.M.S., which provides that "Every person who shall be a principal in the second degree in the commission of any felony, or who shall be an accessory to any murder or other felony before the fact, shall, upon conviction, be adjudged guilty of

the offense in the same degree, and may be charged, tried, convicted and punished in the same manner, as the principal in the first degree." Unquestionably defendant and Ward were acting in concert with each other with a common intent, and the court gave the conventional instruction that a person so acting is equally guilty with the person who actually commits the physical act. Under the circumstances shown in this case, it was proper to charge in the information that defendant committed the robbery by means of a double-barreled shotgun. See also State v. Moore, Mo., 347 S.W.2d 195; and State v. Tolias, Mo., 326 S.W.2d 329. It was also permissible to submit in the verdict directing instruction that defendant was guilty if the jury found that he robbed Mr. Stephens by means of a shotgun. By reason of § 556.170 supra, all persons who participate in the same crime may be tried, convicted and punished in the same manner as the principal. See State v. Spica, Mo., 389 S.W.2d 35; State v. Page, Mo., 395 S.W.2d 146; State v. Johnson, Mo., 347 S.W.2d 220.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.