**STATE of Missouri, Respondent,**

v.

**James Marvin FIELDS, Appellant.**

**No. 54724.**

Supreme Court of Missouri, Division No. 2.

Oct. 12, 1970.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

Lincoln, Forehand & Yates, Carl E. Yates, William L. Mauck, Springfield, for defendant-appellant.

BARRETT, Commissioner.

The appellant, James Marvin Fields, with a prior felony record, has been found guilty of burglary and stealing property of a value in excess of $50.00. In these circumstances the court fixed Fields' punishment at five years for the burglary and five years for the stealing, the sentences to run concurrently and, in addition, concurrently to previous robbery, burglary and stealing sentences of ten and twelve years. The appellant's guilt being established by an irrefragable set of circumstances, the only question on this direct appeal is whether the court erred in overruling his motion to suppress evidence allegedly obtained as the result of "an unreasonable and unlawful search"—it being asserted that the warrantless search of the trunk of an automobile and the seizure of two items of evidence, a radio and an adding machine, violated his state and federal constitutional rights entitling him to a new trial.

Fields did not testify on either the motion or the trial—his only witness was his friend and companion on the night of the burglary, "Red" Morelock, who attempted to establish Fields' presence in a nearby tavern. On the motion to suppress the appellant called the three Springfield police officers involved in his arrest and the search of an automobile driven by Morelock but borrowed by Fields from someone unknown to Morelock: "He's all the time borrowing a car."

These were the circumstances as adduced on the hearing of the motion to suppress as well as upon the trial and, it may be added, the state's version of the arrest and search was uncontradicted. Viola Duren owned and operated a beauty shop, Lake Shor Beauty Salon, at 1324 W. Sunshine in Springfield. On January 18, 1967, the beauty shop was left in charge of a late-working employee, Donna Fox, who at 7:30 in the evening closed the shop and locked all doors. At 10:40 Officer Ware, patrolling the area, saw a 1954 Oldsmobile parked in front of the beauty shop with Fields, whom the patrolman knew, sitting in the right front seat and Morelock, whom he also knew, on the sidewalk walking towards the automobile. When the officer recognized Fields and Morelock he noted the license number MW4-435. When Morelock saw Officer Ware he walked up to the patrol car and engaged the officer in conversation telling him that he had been drinking and playing pool in the Lake Shor Tavern. When Morelock returned to the Oldsmobile the officer followed as it proceeded east on Sunshine and north on Grant Street. Officer Ware did not then check the beauty shop. But about 11:15 Donna Fox remembered that she had forgotten to remove the day's receipts from the cash register and returned to the beauty shop and found that the front door had been broken into and the cash register rifled. Donna hailed Sergeant Hargraves who examined the premises and from Mrs. Duren learned that in addition to money a radio and adding machine were missing. The fact of the burglary of the beauty shop was broadcast over the police radio system and Officer Ware reported to Hargraves that he had seen Fields and Morelock and the Oldsmobile at the beauty shop at 10:40. Officer Snodgrass, having heard the radio report, shortly after midnight saw the automobile on Pershing just off Campbell and as it drove away followed when it turned south into an alley behind Baptist Hospital—less than two and one-half blocks from the then Springfield Police Headquarters on Market Street. Snodgrass stopped the Oldsmobile, occupied by Fields and Morelock, arrested them "for investigation of burglary and larceny" and gave them "a very light search" for weapons. He then searched the interior of the automobile and under the right front seat found a combination lug wrench, three pairs of

gloves, one odd glove and a screwdriver. He asked for a key to the trunk and Fields gave him the ignition key which would not unlock the trunk. The officer asked Fields for the key to the trunk but Fields said that it wasn't his car and that he did not have a key to the trunk. In the meanwhile Lieutenant Hoagland and Officers Gamel and Bone arrived and a search of Fields turned up $57.94, one twenty-dollar bill, two tens, one five, eight ones, six quarters, nineteen nickels, twenty-four dimes and nine pennies. The lieutenant and Officer Bone took Fields and Morelock to the police station and left Snodgrass and Gamel with the Oldsmobile. At the police station Fields "removed a key from his clothing, somewhere in the waistband area," and laid it on the desk. In about ten minutes the lieutenant returned to the automobile with the key, the trunk was opened and Mrs. Duren's radio and adding machine (identified by serial number) were found, photographed in the trunk and finally introduced in evidence. Sergeant Snodgrass said that "possibly ten minutes" elapsed "from the time you stopped the car in the alley until the police officer returned with the trunk key."

In these circumstances it is not necessary to enter upon an extensive examination of the applicable constitutional problems, it is only necessary to note in passing one or two general principles. Regardless of the validity of the reasons or bases of the distinctions, "In terms of the circumstances justifying a warrantless search, the Court has long distinguished between an automobile and a home or office." Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, 426. Also it is not necessary to enter upon a factual discrimination of cases, it is sufficient to say that the circumstances here are plainly distinguishable from State v. Seymour, Mo., 438 S.W.2d 161; State v. Cuezze, Mo., 249 S.W.2d 373 and Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777. Neither is it necessary to here demonstrate upon the facts and illustrate the validity of both the arrest of Fields and the search of the automobile trunk and the seizure of the radio and adding machine. It is sufficient to say that in every respect, factually as well as in legal theory, this case is governed by Chambers v. Maroney and even more recently by State v. Speed, 458 S.W.2d 301. Other cases governing in one or more respects and all consistent with Chambers v. Maroney are State v. Johnson, Mo., 447 S.W.2d 285, 290–291; State v. Murray, Mo., 445 S.W.2d 296, 298 and State v. Watson, Mo., 386 S.W.2d 24. Accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.