Rodney SMITH, Appellant,

v.

STATE of Missouri, Respondent.

No. 43646.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 13, 1981.

Howard Paperner, Asst. Pros. Atty., Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

Movant-defendant appeals the denial of his Rule 27.26 motion. He had been charged with armed robbery and assault with a deadly weapon and seeks to vacate his guilty plea to the assault charge; this, on the ground that in pleading guilty he never admitted firing the weapon.

The trial court denied the motion on the ground defendant's contention was refuted by the guilty plea record showing defendant and a companion, both armed, robbed a service station; that it was defendant's companion in the robbery who shot the attendant. At the guilty plea defendant's counsel stated he had explained to defendant that it did not matter whether it was he or his companion who had fired the weapon. Defendant relies on *Wilson v. State*, 606 S.W.2d 266[3] (Mo.App.1980) holding: "A defendant must understand the nature of the charge; and where he pleads guilty, but denies an essential element of the offense, it demonstrates that he did not understand the nature of the charge, and he should be entitled to withdraw his plea of guilty." Defendant denied that *he* fired the weapon.

In its memorandum denying the motion the court cited *McIntosh v. State*, 559 S.W.2d 598 [2–3] (Mo.App.1977), holding: "Where the movant admits facts which constitute the offense pleaded to, he is thereafter precluded from withdrawing his plea on the grounds that he did not understand the nature of the offense."

The state relies on *State v. Booker*, 454 S.W.2d 927[3] (Mo.1970), citing Section 556.-170, RSMo.1959, holding that in a robbery by two armed men the state need not show defendant personally committed all the elements of the charged offense.

We hold defendant has failed to show the court erred in denying his motion.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.