THE STATE v. DANIEL LENZNER, Appellant.—92 S. W. (2d) 895.

Division Two, March 21, 1936.

*Robert D. Durst, Howard C. Potter* and *Don Purteet* for appellant.

904

*Roy McKittrick*, Attorney General, and *Frank W. Hayes*, Assistant. Attorney General, for respondent.

COOLEY, C.—Defendant was convicted of robbery in the first degree committed by means of a dangerous and deadly weapon, to-wit, a pistol, was sentenced to imprisonment in the penitentiary for twenty-two years, and has perfected an appeal to this court.

On November 14, 1933, two men entered the farm home of Mr. and Mrs. Frank Blanton and at the point of a pistol or pistols robbed Mrs. Blanton of about $200. Mrs. Blanton and her child, a boy about four years old, were alone in the house when the robbers appeared, Mr. Blanton having left earlier in the day on some business. This defendant was apprehended about January 24, 1934, at Hammond, Indiana, and was extradited to Missouri. He lived at Chicago, Illinois. The information herein was filed March 13, 1934, and defendant was brought to trial on March 21, 1934. The State introduced evidence tending to prove the commission of the offense charged and to identify defendant as one of the perpetrators thereof. Mrs. Blanton identified him at the trial as one of the two men who had robbed her and two or three other witnesses identified him as one of two men they had seen in a Ford automobile in the neighborhood of the Blanton home on the day of the robbery. There was also proof that the automobile those men were driving bore Indiana license plates and that, when arrested, defendant was driving an automobile bearing those same license plates.

The defense was an alibi. Defendant testified that he had had no part in the robbery and that at the time of its alleged commission he was in Chicago, Illinois, where he lived. He also gave testimony tending to explain his possession, at the time of his arrest, of the automobile bearing the Indiana license plates in a manner consistent with his innocence of this charge. His alibi was supported by the testimony of some eight witnesses, whose testimony had been taken at a *habeas corpus* proceeding in Hammond, Indiana, when defendant was resisting extradiction, and which testimony was read in evidence at this trial by agreement of the parties.

In his motion for new trial defendant makes many assignments of error. In his brief here he stresses but three. One of these relates to the court's refusal to grant him a continuance in order that he might take depositions at Chicago or procure the attendance of witnesses from that place to strengthen his alibi defense and develop it more fully than was done at the *habeas corpus* hearing, the alibi evidence taken at that hearing, read from the transcript thereof, being the only evidence on that point, except his own testimony, that was available to him, unless a continuance should be granted, in view of the short time intervening between the filing of the information and the date fixed for the trial. In his application for continuance he names ten or a dozen witnesses in addition to those who had testified at the *habeas corpus* hearing, who, he alleges, would testify to his presence in Chicago at the time the robbery is alleged to have been committed.

Another contention stressed is the court's refusal to grant a new trial on the ground of newly discovered evidence, said evidence, as shown by the motion for a new trial and supporting affidavits, being in substance that Mrs. Blanton had stated to friends on the evening of the day of the robbery that she thought she could identify the larger of the two men who had robbed her but that she could not identify the smaller one. Her testimony at the trial was that defendant is the smaller of the two men and she there testified that she could and did identify him. From her cross-examination and certain facts thus developed which may be said to be in the nature of demonstrative evidence, it appears that her eyesight, without glasses, was none too good, and she was not wearing her glasses at the time of the robbery. But for the fact that we are reversing and remanding the case on another ground this point and the court's action on defendant's application for continuance would require further consideration and a more detailed statement of the facts. These questions will not arise on another trial.

In his closing argument to the jury the prosecuting attorney said: "The State cannot always show everything it knows." The defendant, through his counsel, objected to that statement as being prejudicial to the rights of the defendant, and asked the court to discharge the jury and declare a mistrial. The court overruled the objection and refused to discharge the jury. The defendant saved exceptions to both rulings.

It appears to us that the above-quoted statement constituted a clear and unmistakable intimation that the prosecuting attorney knew facts pointing to the defendant's guilt, not disclosed by the evidence and which for some reason he could not introduce and had not introduced in evidence. We have held more than once that it is improper for a prosecuting attorney to express to the jury in argument *his belief* of

the defendant's guilt in such way that it implies knowledge on his part of facts not in evidence pointing to the defendant's guilt. One citation will suffice. [See State v. Hart, 292 Mo. 74, 96, 237 S. W. 473, 480 (17, 18).] Cases are to be decided upon the facts presented by the evidence. Especially in criminal cases, where life or liberty is at stake, juries should not be invited, directly or by implication, or permitted, to infer from statements made in argument by counsel for the State that there are facts, known to such counsel, tending to prove the defendant's guilt, which are not shown by the evidence.

In the instant case the jury must naturally have inferred, from the quoted remark, that the prosecutor knew facts tending to show defendant's guilt which, for some reason, he could not introduce in evidence. Manifestly, we think, the remark was improper, and we cannot escape the conclusion that it was prejudicial. While, as we have said, the State made a submissible case, still, on the record as a whole, it may be said that the question of defendant's guilt or innocence is fairly close. In such situation a statement by the prosecuting attorney implying that he knows facts not in evidence which point to the defendant's guilt cannot be held to be harmless.

In State v. Mathis, 323 Mo. 37, 42, 18 S. W. (2d) 8, 10 (3), the prosecutor said in argument: "And so for that reason we do find out what the witnesses know, and when we find a witness like Mrs. Mathis, whom we know is perjuring herself, wouldn't it be folly to put on a perjuring witness, whom we know is telling an untruth?"

Of that argument this court, speaking through WHITE, J., said: "The statement by the prosecutor, that 'we know Mrs. Mathis is perjuring herself,' indicates that the prosecutor had knowledge of defendant's guilt aside from the evidence. Who could he mean by 'we' unless the State and its officers? This was improper and prejudicial."

In this case not only was the remark of the prosecuting attorney improper but the court, by overruling defendant's objection thereto, in effect gave it the court's stamp of approval, thus intensifying, rather than removing, its prejudicial effect.

We deem it unnecessary to discuss the numerous other assignments of error in defendant's motion for new trial. Most of them we think are without substantial merit. Others will probably not arise on another trial. For the reasons indicated the judgment of the circuit court is reversed and the cause is remanded. *Westhues* and *Bohling*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.