**STATE of Missouri, Respondent,**

v.

**Paul Franklin WOODS, Appellant.**

**No. 51894.**

Supreme Court of Missouri, Division No. 2.

Oct. 10, 1966.

J. Whitfield Moody, J. Arnot Hill, Kansas City, for appellant.

Norman H. Anderson, Atty. Gen., Jefferson City, Anthony J. Miceli, Sp. Ass't. Atty. Gen., Kansas City, for respondent.

DONNELLY, Judge.

Appellant, Paul Franklin Woods, was convicted of burglary in the second degree under § 560.070, RSMo 1959, V.A.M.S., by a jury in the Circuit Court of Jackson County, Missouri, and his punishment under the provisions of the Habitual Criminal Act, § 556.280, RSMo 1959, V.A.M.S. (as amended Laws 1959, S.B. 117), was assessed at imprisonment in the custody of the State Department of Corrections for a term of five years. By amended information he was charged with burglary in the second degree and stealing (§§ 560.070, 560.156 and 560.110, RSMo 1959, V.A.M.S.), and under the Habitual Criminal Act, supra. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

Appellant does not question the sufficiency of the evidence. However, a brief summary is in order. John Joseph Ruby was the owner and operator of the Summit Buffet, 721 West 16th Street, Kansas City, Jackson County, Missouri. On June 19, 1965, he closed the Summit Buffet at about 1:35 a. m. When he left there were no broken windows in the premises and there was approximately $40 in the cash register. He was subsequently called, returned to the Summit Buffet, found a window broken, a rock in the middle of the floor, and that money had been taken from the cash register. Three partial fingerprints were "lifted" from the surface of the glass from the broken window and two of them were found to be identical with two of appellant's fingerprints.

Marcia Lorraine Rorrer, age 13, who lived with her father in an apartment over the Summit Buffet, testified that between 1:30 and 2:00 a. m., June 19, 1965, she observed appellant "bust" out a window at the Summit Buffet with a rock, "bust" out more glass with a stick, crawl in the window, stay inside for "around ten or five minutes," come back out the window, drop and pick up some coins, and leave. She identified appellant at the police station and at the trial.

The trial court instructed the jury as to both burglary in the second degree and stealing. The jury found appellant guilty of burglary in the second degree and not guilty of stealing. It is evident that the evidence was ample to sustain the conviction.

Appellant asserts that the trial court erred in failing to instruct the jury as to the crime of stealing less than Fifty Dollars. Section 560.161, RSMo 1959, V.A.M.S. The jury found appellant guilty of burglary in the second degree but *not guilty of stealing*. Appellant was not prejudiced by the trial court's failure to instruct the jury as to the crime of stealing less than Fifty Dollars and no error was committed. State v. Person, et al., 234 Mo. 262, 136 S.W. 296, 297.

Appellant complains of a portion of the assistant prosecuting attorney's argument to the jury. The argument complained of is as follows: " * * * I interpret the evidence favorably toward the State, admittedly,

partly because I am a representative of the State, but more importantly because I believe the evidence. I believe this man did, in fact, break into—

"MR. HILL: May it please the Court, I want to object to the prosecutor stating his personal belief.

"THE COURT: Sustained.

"MR. GALLIPEAU: Excuse me, Your Honor.

"MR. HILL: I further move the jury be discharged and a mistrial declared.

"THE COURT: Overruled."

 Defendant cites State v. Cole, Mo. Sup., 252 S.W. 698; State v. Goodwin, Mo. Sup., 217 S.W. 264; State v. Lenzner, 338 Mo. 903, 92 S.W.2d 895; State v. Pierson, 331 Mo. 636, 56 S.W.2d 120 and State v. Pope, 338 Mo. 919, 92 S.W.2d 904. These cases all hold "that it is improper for a prosecuting attorney to express to the jury in argument his belief of the defendant's guilt in such way that it implies knowledge on his part of facts not in evidence pointing to the defendant's guilt." State v. Lenzner, 338 Mo. 903, 905–906, 92 S.W.2d 895, l. c. 896. That rule has no application here. Statements by a prosecuting attorney in argument indicating his opinion that the accused is guilty, where it is apparent that such opinion is based on the evidence in the case, are permissible. It is apparent that the opinion of the assistant prosecuting attorney was based solely on the evidence. There is no merit in appellant's contention. State v. Stokes, Mo.Sup., 387 S.W.2d 518, 520–521; State v. Reppley, 278 Mo. 333, 213 S.W. 477, 480; State v. Johnson, 349 Mo. 910, 163 S.W.2d 780, 784; State v. Fitzsimmons, 338 Mo. 230, 89 S.W.2d 670, 673; State v. Sinovich, 329 Mo. 909, 46 S.W.2d 877, 881, 23A C.J.S. Criminal Law § 1104; and 50 A.L.R.2d 766.

An examination of the record as required by Rule 28.02, V.A.M.R., discloses no error. The judgment is affirmed.

All of the Judges concur.