**STATE of Missouri, Respondent,**

**v.**

**Richard Lee MOORE, Appellant.**

**No. 52920.**

Supreme Court of Missouri,
Division No. 2.

June 10, 1968.

---

Norman H. Anderson, Atty. Gen., Jefferson City, Jack V. Hoskins, Special Asst. Atty. Gen., St. Louis, for respondent.

Victor O. Coltrane, Jr., E. C. Curtis, Springfield, for appellant.

DONNELLY, Judge.

Defendant, Richard Lee Moore, was convicted of first-degree robbery under § 560.-120 RSMo 1959, V.A.M.S., by a jury in the Circuit Court of Greene County, Missouri, and his punishment under the provisions of the Habitual Criminal Act, § 556.280 RSMo 1959 (as amended Laws 1959, S.B. No. 117, § 1), was assessed at imprisonment in the custody of the Department of Corrections for a term of ten years. Following rendition of judgment and imposition of sentence in accordance with the verdict, an appeal was perfected to this Court. We affirm.

According to the uncontroverted evidence, on the night of August 16, 1966, two men robbed a Ramey's Supermarket in Greene County, Missouri, of $4,715. Witnesses Dennis Kinser and Frank Gullett, employees of the supermarket, identified defendant at the trial as one of the two men who committed the robbery.

Defendant contends the trial court erred in permitting the prosecuting attorney, on the day of the trial, to endorse and use Frank Gullett as a witness, and in overruling defendant's motion for a continuance, "because such evidence came as a surprise to defendant and he had no time to adequately prepare for such testimony."

■ If defendant was not prejudiced, we may not convict the trial court of an abuse of discretion. S.Ct. Rule 24.17, V. A.M.R., State v. Arrington, Mo.Sup., 375 S.W.2d 186. The prosecuting attorney, on February 6, 1967, filed a motion to endorse Frank Gullett, and others, as witnesses. A copy of the motion was mailed to counsel for defendant. The trial began February 8, 1967. The record reveals that defendant, through able counsel, interviewed Frank Gullett the night before the trial, and that, based upon statements alleged to have been made by Gullett at that time, Gullett was subjected to probing cross-examination at the trial. The defendant was not prejudiced and his point is without merit.

Defendant next contends the trial court "erred in permitting the State's witnesses to identify defendant, such identity being made partially on the basis of a lineup conducted when defendant was denied the right to consult with his counsel or to have counsel present, all in violation of the Sixth Amendment to the Constitution of the United States."

■ Defendant cites United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149, and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L. Ed.2d 1178. The record does not reveal when the lineup was held. However, it is apparent it was held prior to the trial on February 8 and 9, 1967. The law announced in the Wade and Gilbert cases, decided June 12, 1967, is not applicable because the confrontation for identification purposes was conducted prior to June 12, 1967. Stovall v. Denno, 388 U.S. 293, 87 S.Ct.1967, 18 L.Ed.2d 1199; State v. Blevins, Mo.Sup., 421 S.W.2d 263; State v. Williams, Mo.Sup., 423 S.W.2d 736; and State v. Keeney, Mo.Sup., 425 S.W.2d 85. The point is without merit.

Defendant complains of portions of the closing argument made in behalf of the

State. That portion of the argument, to which objection was made, is as follows:

"MR. YOCOM: * * * So the only evidence before you here today is two positive identifications and one probable identification, because you remember Frieda Bruton said she picked him out of the line-up along with the other man. Now, think about that and think about the forty-seven hundred and fifteen dollars that was taken in this robbery. This is not any small time robbery, this is big time, thousands of dollars involved, people with guns. This man right here when he pointed that gun at Dennis Kinser, he said he was shaking all over. What could have happened if Kinser had resisted just in the slightest? What would have happened or what could have happened? Now, think about that. Can't you see through all that? Can't you see through all that? *I think there's no question in this case that the defendant is guilty.*

"MR. CURTIS: Now, if the Court please, I certainly object to that, to the prosecutor expressing his opinion. It's not his opinion, it's the opinion of the jury and it's entirely improper for a prosecuting attorney to say what he thinks about this.

"THE COURT: Overruled." (Italics ours.)

 "We have held more than once, that it is improper for a prosecuting attorney to express to the jury in argument his belief of the defendant's guilt in such way that it implies knowledge on his part of facts not in evidence pointing to the defendant's guilt. One citation will suffice. See State v. Hart, 292 Mo. 74, 96, 237 S.W. 473, 480[17, 18]. Cases are to be decided upon the facts presented by the evidence. Especially in criminal cases, where life or liberty is at stake, juries should not be invited, directly or by implication, or permitted, to infer from statements made in argument by counsel for the state that there are facts, known to such counsel, tending to prove the defendant's guilt,

which are not shown by the evidence." State v. Lenzner, 338 Mo. 903, 905–906, 92 S.W.2d 895, 896. However, statements by a prosecuting attorney in argument indicating his opinion that the accused is guilty, where it is apparent that such opinion is based on the evidence in the case, are permissible. State v. Woods, Mo.Sup., 406 S.W.2d 593, 595. It is apparent that the opinion expressed did not imply knowledge of facts not in evidence. The point is without merit.

An examination of the record as required by Rule 28.02, V.A.M.R., discloses no error. The judgment is affirmed.

All of the Judges concur.