**STATE of Missouri, Respondent,**

v.

**Kenneth L. WATTS, Appellant.**

**No. KCD 26710.**

Missouri Court of Appeals,
Kansas City District.

Nov. 4, 1974.

Willard B. Bunch, Public Defender, Gary E. Haggerty, Asst. Public Defender, Sixteenth Judicial Circuit, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Ass't. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER, WASSERSTROM and TURNAGE, JJ.

DIXON, Chief Judge.

Appellant, Kenneth L. Watts, was convicted by a Jackson County jury of assault with intent to rob and was sentenced by the court to seven (7) years in the custody of the Missouri Department of Corrections. This is a direct and timely appeal from that judgment and sentence.

On the evening of October 27, 1972, Columbus Nelson, Jr., and his brother Linson Quincy Nelson, went to a residence at 1813 East 38th Street in Kansas City, Missouri, for the purpose of shooting dice, arriving at approximately 11:30 p. m. At or near midnight, Columbus heard two shots from the front room of the house. As he looked up, a man whom he identified as the defendant entered and said, "put the money on the table;" and, after verbal exchanges with several occupants of the room, the defendant shot Columbus in the side. The testimony and identification of the defendant by Columbus was corroborated at trial by his brother, Linson, also present in the back room.

In order for the assailant to enter the back room, it was necessary for him to cross a living room in which several witnesses were seated. The first of these to testify was Larry Coleman who identified the defendant as the man who entered the house, went to the back room, and shot Columbus Nelson. The testimony of Larry Coleman, who had known Kenneth Watts for five years, was corroborated by Ysher Brown, also seated in the front room, and whose identification of the defendant gains its credibility from an account of prior friendly relations with the defendant, a friend of his son's.

Mr. Watts' defense at trial was alibi; and in support, he presented four witnesses: James Napoleon Woods, David Woods, Archie Clark, and Jerry Traylor, an inmate of the Federal Penitentiary at Inglewood, Colorado. Their recall of October 27 was approximately the same. October 27 is witness David Woods' birthday; and on that date, his brother, witness James, reputedly held a surprise birthday party for David. According to the defense witnesses, the defendant was in attendance from 10:30 or 11:00 p. m. until 2:00 or 3:30 in the morning of October 28. Defendant was reputed not to have left the Woods' apartment during the course of the evening. This testimony, if true, would have eliminated the possibility of defendant's participation in the assault.

Defendant assigns two points of error on appeal, both directed at the State's closing

argument. The first has been properly preserved and claims that the prosecutor's statement in final argument that the alibi of defendant was "trumped up" and that lies were told was error.

Defendant concedes that it is proper for the prosecutor to comment on the credibility of witnesses from the State's viewpoint, citing State v. Sallee, 436 S.W.2d 246 (Mo.1969). However, he urges that the State may not personalize the argument to permit the jury to believe his opinion is based on facts outside the evidence, citing State v. Pope, 338 Mo. 919, 92 S.W.2d 904 (1936) and State v. Burchett, 302 S.W.2d 9 (Mo.1957).

■ *Pope* does find error in such a statement by the prosecutor in circumstances where the statement made, "I honestly believe, in my heart, he is guilty," and ". . . I believe he is guilty under the evidence," shows clearly the prosecutor was stating a personal belief separate and apart from a belief engendered by the evidence. *Burchett,* clearly did not find error in the statement of belief by the prosecutor standing alone but related the statement to another trial incident as supporting a finding of error as to the separate trial incident. Many cases have examined various statements by prosecutors in closing argument. Among the more recent decisions dealing with similar arguments are State v. Jackson, 499 S.W.2d 467, 471 (Mo.1973); State v. Woods, 406 S.W.2d 593, 595 (Mo. 1966); State v. Moore, 428 S.W.2d 563, 565 (Mo.1968). *Woods* and *Jackson* found no error in refusal of a mistrial, and *Moore* found no prejudice in overruling an objection to such argument. The common thread in these cases is a finding by the appellate court that such statements appear to be based on the evidence. Viewed in that perspective, the prosecutor's statements of "trumped up" alibi and that in his "opinion . . . lies" were told does not constitute error. This because, in the following argument, the prosecutor, in explaining the basis for his "opinion," legitimately argued from the evidence to show that the alibi was contrived and the testimony supporting it false.

Defendant's second point asserts error in prejudicial comment by the prosecutor, comment which was either not objected to, not preserved by motion for new trial, or both. In this posture, defendant relies on Rule 27.20(c), V.A.M.R., which allows this court to consider plain errors affecting the substantial rights of the defendant, if it be determined that a manifest injustice or a miscarriage of justice has befallen him.

■ Defendant makes a persuasive argument by way of his brief here, that the prosecutor's argument was in totality erroneous. That finding of error is not enough; under the mandate of Rule 27.20, the error must be such that a manifest injustice has resulted or that a miscarriage of justice has occurred. From an examination of all of the evidence and the totality of the argument, there arises no conviction that there was manifest injustice to the defendant. Nor can it be said on the entire record that the conviction of the defendant was a miscarriage of justice.

What has been said under this second point should not be taken as approving in any way the argument in this case. In State v. Heinrich, 492 S.W.2d 109, 114 (Mo.App. 1973), this court underscored the obligation of the prosecutor not only to prosecute with vigor but, further, to vouchsafe the defendant a fair and impartial trial. That opinion further defined the appropriate function of counsel and the court in the following language:

"The arguments should not have been made in the first place, they should have been objected to by defense, and a proper record made to preserve the error for review or, the trial court, upon objection or acting within his inherent authority to control trial proceedings, could have done so of his own motion and initiative and properly instructed the jury and confined it to legitimate areas of function and decision. State v. Raspberry,

Mo.Sup., 452 S.W.2d 169." State v. Heinrich, supra, 1. c. 116.

That failure to heed this admonition has not resulted in a reversal in this case is attributable only to the totality of the record and not upon the adherence of the court and counsel to their respective functions.

The judgment is affirmed.

All concur.