STATE of Missouri, Respondent,

v.

Carl D. ANTHONY, Appellant.

No. KCD 29801.

Missouri Court of Appeals, Western District.

Jan. 29, 1979.

**162**

Clifford A. Cohen, Public Defender, Lee Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

Defendant appeals from a jury conviction of burglary second degree and stealing and the consequent sentence of six years and two years respectively to run consecutively. His sole point on appeal complains of an alleged improper closing argument by the prosecuting attorney.

An understanding of the point in issue requires a brief statement of facts. Police officers Cunningham and Rider received a call at 10:08 P.M. concerning a prowler at 2127 East 16th Street, Kansas City, Missouri. Cunningham approached that address from the front, while Rider approached from the rear. Rider saw defendant close to the building, carrying a bulky bundle. When Rider got closer, defendant saw him, dropped the bundle and started to run. Rider nevertheless apprehended defendant quickly and placed him under arrest. The back door of the building was found to have been broken in and the premises ransacked. A search of the defendant revealed in defendant's pants pocket two rings which belonged to the owner of the burglarized premises. The objects in the bundle dropped by defendant also had come from those premises.

The only evidence offered by defendant was the testimony of Victor Shivers. Shivers testified that defendant had visited him at his home, which was in close proximity to the burglarized premises, shortly before 10:00 P.M. He further testified that defendant left shortly after the 10:00 o'clock news came on television and that defendant could not have participated in the burglary in the two or three minutes which expired between the time that defendant left and the time when Shivers observed police officers in back of the burglarized premises.

In the course of his closing argument to the jury, the prosecutor took up Shivers' testimony and referred to it as follows: "I don't see how you can believe him at all. And there are about two or three reasons why I don't believe him * * *." Defense counsel immediately objected, but his objection was overruled. This ruling by the trial court constitutes the alleged error now complained of.

It is true that a prosecutor will not be permitted to argue to the jury in such a way as to induce the jurors to believe that he has special knowledge of certain facts which show the defendant on trial to be

guilty. On the other hand, the prosecutor does have a right to comment on the evidence which has been adduced and the credibility of the witnesses from the State's viewpoint. *State v. Sallee*, 436 S.W.2d 246 (Mo.1969); *State v. Gay*, 523 S.W.2d 138 (Mo.App.1975). The golden thread running through all the cases on this subject is an inquiry into whether the prosecutor's statement of his belief appears to be based on the evidence which has been introduced before the jury. *State v. Watts*, 515 S.W.2d 854, l.c. 856 (Mo.App.1974).

Here, as in *Watts*, the prosecutor did follow up his statement as to his belief as to nonbelief in Shivers' testimony by reference to evidence in the case upon which that belief was based. Accordingly, the trial court did not commit error in overruling the defense objection to that argument.

Affirmed.

All concur.