STATE of Missouri, Plaintiff–
Respondent,

v.

Richard SANDERS, Defendant–Appellant.

Richard SANDERS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 65079, 66939.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 18, 1995.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Defendant appeals from a judgment of conviction of first-degree murder and a sentence of life imprisonment without parole. Defendant also appeals the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

In early 1986, Defendant spent some time "casing" a jewelry store in St. Louis. On the morning of March 11, 1986, Defendant and two accomplices, James Montgomery and Antonio Veal, decided to rob the store. They waited for Elizabeth Baker (Victim) to arrive and open the store. Once Victim arrived, the three men waited outside a few minutes to allow for her to open the safe before entering the store. Veal stayed in the getaway car as a lookout while Defendant and Montgomery entered the back of the building by breaking into an upstairs apartment. While two female friends of the assailants, Karen Luke and Donna Shinault, distracted Victim by posing as customers, Defendant and Montgomery broke open the store's back door, entered the store, and remained in the back room.

Upon hearing noises from the back room, Victim walked towards the rear of the store. Victim stopped in front of the back room door, and Defendant removed his gun from its shoulder holster. Victim called out, "Who's back there?"; "What do you want?"; or "What's going on?" Without responding, Defendant shot Victim in the chest with his .22 caliber, long-barrelled revolver. The bullet struck two major veins, passed through Victim's right lung, and lodged in the right side of her back, killing her.

Defendant was the focus of the ensuing police investigation because his car was identified as being near the store at the time of the shooting. Three days after the murder, Defendant voluntarily appeared at the police station. He initially denied any involvement with the robbery and shooting, stating that Montgomery and Veal had borrowed his car the morning of the incident. Defendant later changed his account during a videotaped statement in which he claimed he had remained in his car while Montgomery and Veal broke into the back of the store.

Montgomery and Veal were arrested later that day. Police told Montgomery and Veal Defendant's version of the story and gave them the opportunity to view Defendant's videotaped statement. After viewing Defendant's statement, Montgomery and Veal asked to speak with Defendant. Following this conversation, Defendant gave another statement in which he admitted to shooting Victim but claimed it was accidental. Defendant was charged with first-degree murder, § 565.020.1, RSMo 1994. A jury found Defendant guilty of the charged offense. The jury verdict and resulting sentence of life imprisonment without eligibility for probation or parole was reversed by this court in *State v. Sanders,* 842 S.W.2d 170 (Mo.App. 1992).

The cause was re-tried and again a jury found Defendant guilty, as charged, of first-degree murder. Defendant was sentenced to life imprisonment without parole. Defendant filed a notice of direct appeal and later a Rule 29.15 motion for postconviction relief. Defendant's Rule 29.15 motion was denied after an evidentiary hearing. This appeal followed. Defendant asserts seven points on appeal.

Defendant's first point on appeal contends the reading of Bruce Feltner's direct testimony from the first trial at the second trial violated his right to confront the witnesses against him because the State did not make an adequate showing that Feltner was unavailable. Feltner, Defendant's brother-in-law, testified for the State at the first trial as a reluctant witness and admitted that he helped Defendant destroy the murder weapon and discard its remnants into the Missouri River. Defendant further argues that in not allowing only selective portions of Feltner's cross-examination to be read to the jury, the trial court violated his rights to effective cross-examination and effective assistance of counsel. *See United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984).

■ The right to confront one's accusers is "an essential and fundamental requirement for a fair trial." *Pointer v. Texas,* 380 U.S. 400, 404, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965). An exception to the right of confrontation exists where a witness is unavailable and has given testimony at a previous judicial proceeding against the same defendant who was subject to cross-examination by the defendant. *State v. Murphy,* 592 S.W.2d 727, 731 (Mo. banc 1979). A witness is unavailable if: (1) the State made a good faith effort to obtain the witness; and (2) the State exercised due diligence to secure the individual as a witness. *Id.* Due diligence is evaluated on the facts of each case. *Id.*

■ We find ample evidence to support the trial court's determination that Feltner was unavailable to testify. Accordingly, Defendant's right to confrontation was not violated by the introduction of Feltner's direct testimony. Feltner moved to Indiana following the first trial. Before the instant trial, the State unsuccessfully attempted to serve Feltner in Indiana with an out-of-state subpoena, first at his home address and then at a second address. Additionally, the State unsuccessfully searched Social Security records in an attempt to locate other possible addresses and unsuccessfully monitored both Indiana addresses waiting for Feltner to appear.

Upon the trial court's determination that Feltner was unavailable to testify, the State asked to read Feltner's entire direct testimony to the jury. Anticipating that Feltner's cross-examination could be introduced into evidence as well, defense counsel asked if only select portions of the cross-examination could be read to the jury. Defendant, represented by different counsel at the second trial, had adopted a new trial strategy for the second trial. Arguing that the line of questioning from the first trial might confuse the jury, Defendant wanted only those portions of the cross-examination which he believed would support his new strategy to be read to the jury. The trial court gave Defendant the option of reading all or none of Feltner's cross-examination to the jury. Defendant elected not to read the cross-examination to the jury and now argues that in not allowing only selective portions of Feltner's cross-examination to be read, the trial court has violated his rights to effective cross-examination and to effective assistance of counsel.

■ Questions concerning the admissibility of evidence are solely within the discretion of the trial court and will not be overturned on appeal absent an abuse of discretion and a showing of prejudice. *State v. Simms,* 859 S.W.2d 943, 945 (Mo.App.1993), *citing State v. Burns,* 795 S.W.2d 527, 531 (Mo.App.1990); *State v. Henderson,* 826 S.W.2d 371, 374 (Mo.App.1992). Since Feltner's entire direct examination was read to the jury, we do not find that the trial court acted unreasonably or arbitrarily in presenting defense counsel with the option of reading all or none of the cross-examination. Arguably, allowing the jury to hear only select portions of the cross-examination after hearing the entire direct examination could have caused confusion. Point denied.

In his second point on appeal, Defendant argues the trial court abused its discretion in overruling his Motions for Mistrial and allowing the introduction into evidence of his prior criminal convictions. Defendant contends the evidence was extremely prejudicial; and since it failed to show motive, intent, absence of mistake or accident, common scheme or plan, or identity, its introduction violated his rights of due process and a fair trial. *State*

v. Holbert, 416 S.W.2d 129, 132 (Mo.1967); State v. Shepard, 654 S.W.2d 97, 100 (Mo. App.1983).

Contrary to Defendant's assertion, the State did not attempt to, nor in fact did the State introduce his criminal history into evidence. The evidence at issue was testimony which was volunteered in two answers, neither of which connected Defendant to a specific crime. The first answer was given by co-defendant, Veal, during his direct examination.

Q: Do you know a person by the name of Richard Lee Sanders or Ricky Lee Sanders?

A: Yes, sir.

Q: How long have you know him?

A: I think since 1977 or '76.

Q: So, you knew him a long time before '86?

A: Yeah, I met him at Algoa.

The second objectionable answer also occurred during Veal's direct examination, when, despite the State's attempt to interrupt him, Veal volunteered that Defendant had a parole officer.

Q: Did he [Defendant] say he was going to tell them [the police] everything?

A: He told me that the police had been kicking in his family's—

Q: He indicated that the police kicked in some doors?

A: And his parole officer was calling—

▇▇ Mistrial is a drastic remedy to be used only in the most extraordinary circumstances when there is a grievous error which cannot otherwise be remedied. State v. Durbin, 835 S.W.2d 323, 325 (Mo.App.1992); see also State v. Sidebottom, 753 S.W.2d 915, 919 (Mo. banc), cert. denied, 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988). Generally, prejudice may be removed by striking the improper testimony and instructing the jury to disregard it. See State v. Harris, 547 S.W.2d 473, 475 (Mo. banc 1977). Defendant failed to request such measures in the instant case. When a witness unexpectedly volunteers inadmissible information, the trial court is in the best position to determine what measures, if any, are necessary to cure that effect. State v. Davis, 825 S.W.2d 948, 952–53 (Mo.App.1992). In the instant case, the trial court determined that based upon (1) the question and answer; (2) the fact that Veal's testimony was said softly and the jurors may have not heard it; and (3) the fact that the jurors may not have known what Algoa is, there was no prejudice. Moreover, when improper, vague testimony regarding a defendant's prior crimes does not refer to a specific crime, denial of a motion for mistrial is not reversible error. State v. Rhodes, 829 S.W.2d 41, 44 (Mo.App.1992); see also Henderson, 826 S.W.2d at 375–76; State v. Jones, 578 S.W.2d 286, 288 (Mo.App.1979). In the instant case, Veal's reference to Algoa and Defendant's parole officer do not refer to a specific crime, thus a mistrial is not warranted. See State v. Sloan, 786 S.W.2d 919, 922 (Mo.App.1990). Point denied.

Defendant's third point on appeal claims the trial court abused its discretion in denying his Motion for a Mistrial after the jury saw him in handcuffs because such ruling violated his rights to due process and a fair trial. The incident at issue occurred following a noon recess. After the jury had been seated, sheriff's deputies brought Defendant into the courtroom in handcuffs. The deputies realized their mistake, apologized to Defendant's counsel, and apparently uncuffed Defendant immediately. Defendant moved for a mistrial and specifically requested the trial court not to give the jury a curative instruction.

▇▇ This court does not dispute Defendant's contention that he has the right to appear before a jury unfettered unless good cause is shown. State v. Gilmore, 661 S.W.2d 519, 525 (Mo. banc 1983), cert. denied, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984). Defendant's reliance upon Gilmore, however, for anything more than the proposition that a defendant's right to appear before the jury unfettered must be balanced against the circumstances of the trial, is wholly inappropriate. The defendant in Gilmore was required to sit with leg irons attached throughout the trial and did not appear before the jury without restraint. Id. Defendant in the instant case only briefly appeared before the jury in handcuffs while being es-

corted into the courtroom after a recess. Use of restraints for maintaining security and order in the courtroom is within the trial court's discretion. *State v. Guinan*, 665 S.W.2d 325, 331 (Mo. banc), *cert. denied*, 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984). Given that Defendant was charged with first-degree murder, the trial court's decision to have him escorted to and from the courtroom in handcuffs is reasonable. *See State v. Borman*, 529 S.W.2d 192, 195–96 (Mo.App.1975) (listing considerations for courts to determine whether physical restraints are necessary). Moreover, a brief, inadvertent exposure of the jury to a hand-cuffed defendant while defendant is being escorted from one place to another does not deprive defendant of a fair trial. *State v. Beal*, 470 S.W.2d 509, 515–16 (Mo. banc 1971); *State v. Clements*, 849 S.W.2d 640, 647 (Mo.App.1993); *State v. McMillian*, 779 S.W.2d 670, 672 (Mo.App.1989). Point denied.

Defendant's fourth point on appeal alleges the trial court erred, plainly erred and abused its discretion in overruling his objections to the State's opening and closing arguments because in (1) shifting the burden of proof, (2) diminishing the presumption of innocence, and (3) asking the jury to "send a message," he was deprived of his rights to due process and a fair trial. We will reverse a conviction due to an improper argument only if it is established that the argument had a decisive effect on the jury's determination or if the trial court acted unreasonably or arbitrarily. *State v. Long*, 768 S.W.2d 664, 666 (Mo.App.1989), *citing State v. Newlon*, 627 S.W.2d 606, 616 (Mo. banc), *cert. denied*, 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982).

The State carries the burden of proof to prove every element of the offense. *Mullaney v. Wilbur*, 421 U.S. 684, 700–01, 95 S.Ct. 1881, 1890–91, 44 L.Ed.2d 508 (1975). Defendant's assertion that the State improperly shifted its burden of proof in its opening statement is not only left unargued in his brief, but wholly unsupported by the record. As such, we need not address that subpoint.

Defendant additionally alleges the trial court erred in failing to intervene, sua sponte, during the State's closing argument because the argument diminished the presumption of innocence afforded to all persons whether guilty or innocent. *State v. Reese*, 481 S.W.2d 497, 499 (Mo. banc 1972).

> Prosecutor: We talked about voir dire, on voir dire, the principles. He was presumed innocent. You can see by the overwhelming evidence that that's not true now that the evidence has overcome that presumption of innocence ten fold. He's guilty. No question about it.

Defendant did not object to this argument during the trial. Therefore, we review for plain error and will reverse only upon a showing of manifest injustice or a miscarriage of justice. *State v. Hadley*, 815 S.W.2d 422, 423 (Mo. banc 1991); Rule 30.20. It has long been the law in Missouri that a prosecutor may state an opinion as to the defendant's guilt so long as the opinion is based upon the evidence. *State v. Jackson*, 499 S.W.2d 467, 471 (Mo.1973); *State v. Moore*, 428 S.W.2d 563, 565 (Mo.1968); *State v. Woods*, 406 S.W.2d 593, 595 (Mo.1966); *State v. Williams*, 839 S.W.2d 732, 736 (Mo.App. 1992). A review of the record demonstrates that the State's opinion is abundantly supported by the evidence.

In Defendant's third and final allegation of improper argument, he asserts the trial court plainly erred in failing to intervene, sua sponte, during the State's argument that the jury should send a message with its verdict.

> Prosecutor: ... We have to send a message to the victims, too, or prospective victims that they will receive justice, that they will be, so far as our law can, be protected. That their families can see justice here....

Missouri has long recognized that the State can properly argue that the jury should "send a message" that criminal conduct will not be tolerated or should be severely punished or that the protection of the public rests with trial juries. *State v. Cobb*, 875 S.W.2d 533, 537 (Mo. banc), *cert. denied*, —— U.S. ——, 115 S.Ct. 250, 130 L.Ed.2d 172 (1994), *citing State v. Olds*, 603 S.W.2d 501, 511 (Mo. banc 1980); *State v. Laster*, 365 Mo. 1076, 293 S.W.2d 300, 306 (1956). The clos-

ing argument in the instant case is squarely in line with these standards. Point denied.

 Defendant's fifth point on appeal argues he is entitled to a new trial because the trial court abused its discretion in admitting unduly inflammatory and gruesome morgue photographs of Victim which deprived him of his rights to a fair trial and to be judged by a fair and impartial jury. The photographs at issue were used twice at trial. First, Victim's husband used the photographs to identify his wife. Later, the photographs were used by the medical examiner while explaining the cause of death. At the close of its case, the State moved to admit the photographs into evidence. The photographs were admitted over Defendant's objection.

> Defense Counsel: For purposes of the record, the doctor indicated they were basically the same photograph. The only difference was his finger was pointing to a wound in one and not in the other. I think the State should have to elect which photograph to show to the jury as there's no need to show two pictures depicting the same gruesome object or subject.

Defendant's objection concerns the cumulative nature of the photographs' admission into evidence, not whether the photographs were inflammatory and gruesome. The ground of an objection on appeal is limited to that stated at trial. *State v. Johnson*, 483 S.W.2d 65, 67–68 (Mo.1972). As such, we must restrict our review to plain error and we find none. Point denied.

Defendant's sixth point on appeal claims the trial court erred in admitting his videotaped statement into evidence, because its admission violated his privilege against self-incrimination. He contends that the confession was coerced when the police placed him in a room with two of his co-defendants and admonished them to get their stories straight. Defendant raised this same issue in his first appeal in this cause. This court in *State v. Sanders*, 842 S.W.2d 170, 175 (Mo. App.1992) found that Defendant's confession was voluntary. Point denied.

 Defendant's seventh and final point on appeal maintains the motion court clearly erred in overruling Defendant's Rule 29.15 motion alleging trial counsel was ineffective in refusing to allow him to testify on his own behalf. We review to determine whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). "To prevail on a claim of ineffective assistance of counsel, a movant must show both that counsel's performance was deficient and the deficient performance prejudiced his defense." *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993), *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To evidence ineffectiveness in failing to call him as a witness to testify, Defendant must demonstrate that the decision was something other than reasonable trial strategy. *State v. Boyd*, 842 S.W.2d 899, 905 (Mo.App.1992). Such a decision is virtually unchallengeable. *Id.* At the hearing, Defendant testified that he, after discussing the trial strategy with his attorney, ultimately made the decision not to testify. Applying the appropriate standard of review, we affirm the motion court's denial of Defendant's Rule 29.15 motion. Point denied.

We affirm.

CRANE, P.J., and CRANDALL, J., concur.