

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED98875 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Circuit Court of |
| | ) | City of St. Louis |
| vs. | ) | |
| | ) | Honorable Thomas C. Clark II |
| CHRISTOPHER SONNIER, | ) | |
| | ) | |
| Defendant/Appellant. | ) | Filed: February 11, 2014 |

## INTRODUCTION

Defendant Christopher Sonnier was convicted by jury in the Circuit Court of the City of St. Louis of resisting arrest, section 575.150, R.S.Mo. (Cum. Supp. 2010), property damage in the second degree, section 569.120, R.S.Mo. (2000), and assault of a law enforcement officer in the third degree, section 565.083, R.S.Mo. (Cum. Supp. 2010). On appeal, Sonnier argues that the trial court erred by: (1) denying his motion for acquittal at the close of all evidence, because there was insufficient evidence to convict him of resisting arrest by "fleeing" from officers, as was specified in the jury's instruction, and (2) by failing to declare a mistrial, because he was prejudiced when members of the jury panel observed him being escorted to the courtroom in handcuffs.

We affirm Sonnier's conviction for resisting arrest. We decline plain error review of his second point.

**FACTS**

On May 11, 2011, Officer Ltonya Love observed Sonnier fall from his bicycle in the parking lot of Union Station in St. Louis. As Sonnier fell, a plastic bag slipped from his clothing onto the ground. Sonnier rode off unaware, and Love retrieved the bag. Upon finding that the bag contained narcotics, Love flagged down Officers LaQuesha Lewis and Daniel Berger, who were riding in a nearby patrol car, and asked the officers to help detain Sonnier.

Sonnier initially cooperated with the officers and allowed Lewis to place him in handcuffs. When Love produced the bag of narcotics, however, Sonnier began to struggle. In the ensuing fray, Sonnier dragged Lewis a short distance across the parking lot, kicked Berger in the chest, and damaged Lewis and Berger's patrol car.

A jury convicted Sonnier of resisting arrest, assault on a law enforcement officer in the third degree, and property damage in the second degree. The trial court sentenced Sonnier as a prior and persistent offender to concurrent terms of imprisonment of four years for resisting arrest, six months for property damage in the second degree, and one year for assault of a law enforcement officer in the third degree. This appeal follows.

**DISCUSSION**

In his first point, Sonnier argues that there was insufficient evidence to convict him of resisting arrest by "fleeing" from officers, as was specified in the instruction to the jury. While Sonnier concedes that the State presented evidence that he struggled with officers during the arrest, he contends that no evidence showed he "fled" within the plain and ordinary meaning of that word. The State, on the other hand, contends that a

reasonable trier of fact could conclude that Sonnier's actions were "for the purpose of fleeing."

"In reviewing the sufficiency of the evidence in a court-tried criminal case, the appellate court's role is limited to a determination of whether the State presented sufficient evidence from which a trier of fact could have reasonably found the defendant guilty." *State v. Vandevere*, 175 S.W.3d 107, 108 (Mo. banc 2005). "The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict." *State v. Belton*, 153 S.W.3d 307, 309 (Mo. banc 2005). "The state has the burden and must prove each and every element of a criminal case," *State v. Dixon*, 70 S.W.3d 540, 545 (Mo. App. W.D. 2002) (quoting *State v. Smith*, 33 S.W.3d 648, 652 (Mo. App. W.D. 2000)), and if "the State 'fail[s] to produce sufficient evidence to sustain the convictions, the judgment of the trial court is reversed,'" *id.* (alteration in original) (quoting *State v. West*, 21 S.W.3d 59, 61 (Mo. App. W.D. 2000)).

Section 575.150 provides, in pertinent part:

> A person commits the crime of resisting . . . arrest . . . if, knowing that a law enforcement officer is making an arrest . . . for the purpose of preventing the officer from effecting the arrest . . . the person . . . [r]esists the arrest . . . by using or threatening the use of violence or physical force or by fleeing from such officer.

Accordingly, "a person can resist arrest either by using or threatening to use physical violence or physical force, or by fleeing." *State v. Nylon*, 311 S.W.3d 869, 879 (Mo. App. E.D. 2010).

Here, with the consent of the defendant, the trial court submitted an instruction based upon M.A.I.-CR.3d 329.60 which requires that the jury determine whether Sonnier

3

resisted arrest by "fleeing." Our statutes do not define the term "fleeing" for the purposes of section 575.150. "In the absence of a statutory definition, words will be given their plain and ordinary meaning as derived from the dictionary." *State v. Oliver*, 293 S.W.3d 437, 446 (Mo. banc 2009). Consequently , we may turn to the dictionary definition of the term "flee," which is "to run away, as from trouble or danger," "to pass swiftly away," "vanish," or "to run away from." *Nylon*, 311 S.W.3d at 879-880 (quoting *The American Heritage Dictionary of the English Language* 672 (4th ed. 2006)); *see also Merriam-Webster's Collegiate Dictionary* 445 (10th ed. 1995) (defining "flee" as "to run away often from danger or evil," "fly," "to hurry toward a place of security," "to pass away swiftly," "vanish," "run away from").

The evidence presented at trial shows that Sonnier violently struggled with Officers Love, Lewis, and Berger. Love testified that initially Sonnier's "hands were behind his back in the handcuffs . . . [and] Officer Lewis . . . had a hold of him [with] her hand on his arm." Lewis testified that Sonnier then began to "pull[] so hard" that he dragged her along the ground "[m]aybe about four—three or four feet," but she "wasn't going to let him go because he had on [her] handcuffs." Berger testified that when he and Love reached the fray, they managed to "pull[] [Sonnier] back near the car," where Sonnier then "rocked back on the car and kicked out . . . with both [of] his feet," striking Berger in the chest. Berger was then forced to use his taser on Sonnier three times before Sonnier finally ceased struggling.

We first observe that this evidence would readily support a conviction for resisting arrest "by using or threatening the use of violence or physical force," section 575.150, and M.A.I.-CR.3d 329.60 contains a pattern instruction applicable to just such

4

conduct: "Fourth, that for the purpose of preventing the law enforcement officer(s) from making the arrest, the defendant (resisted) (interfered) by (using) (threatening the use of) (violence) (or) (physical force) (or) (physical interference)." However, for reasons the record does not reveal, the trial court submitted M.A.I.-CR.3d 329.60's alternate instruction for "fleeing," rather than the instruction which refers to "the use of violence or physical force."

Nevertheless, the evidence viewed in the light most favorable to the verdict supports a conviction for resisting arrest by fleeing. Before Officers Berger and Love were able join Officer Lewis in her attempt to subdue Sonnier, Sonnier physically dragged a fallen Lewis four feet. In light of this fact, we believe that Sonnier at least briefly managed to "run away from" Berger and Love, albeit with Lewis in tow.[1]

The facts in *State v. Nylon*, 311 S.W.3d 869 (Mo. App. E.D. 2010), which Sonnier cites in support of the proposition that he did not flee, are distinguishable from those of the instant case. In *Nylon*, this Court observed that the State "merely established that Defendant attempted to crawl away but that [the officer] maintained his grasp of Defendant." *Id.* at 880. Here, Sonnier did more than attempt to crawl away. He in fact succeeded in dragging away one officer before a second and third officer were able to reach him. Accordingly, we affirm Sonnier's conviction for resisting arrest by fleeing.

In his second point, Sonnier argues that the trial court erred by failing to declare a mistrial, because he was prejudiced when members of the jury panel observed him being escorted to the courtroom in handcuffs. Specifically, two deputies of the St. Louis

---

[1] At least one popular southern rock song assumes three steps will suffice: "Gimme three steps, Gimme three steps mister, And you'll never see me no more." Allen Collins & Ronnie Van Zant, *Gimme Three Steps*, on *Lynyrd Skynyrd* (MCA Records 1973).

Sheriff's Department escorted Sonnier in handcuffs approximately thirty feet down a hallway and into the courtroom while the jury panel waited to enter the courtroom in the same hallway. The deputies reported this matter to the trial court, and the court concluded that the jury panel's brief, inadvertent exposure to Sonnier in handcuffs did not deprive him of a fair trial. In particular, the court noted that Sonnier was wearing a collared shirt and khaki pants, not an orange prison jumpsuit, and was handcuffed, not shackled hand and foot.

Sonnier did not request a mistrial when the trial court raised this issue in a side conference during voir dire, and he did not include it in his motion for a new trial. Therefore, at Sonnier's request, we review only for plain error. *See State v. Pennington*, 24 S.W.3d 185, 188 (Mo. App. E.D. 2000). "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 29.12(b). Nonetheless, "[t]he plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review." *State v. Letica*, 356 S.W.3d 157, 167 (Mo. banc 2011) (quoting *State v. Chaney*, 967 S.W.2d 47, 59 (Mo. banc 1998)). Here, we decline to exercise our discretion to review for plain error. *Cf. State v. Snowden*, 285 S.W.3d 810, 815 (Mo. App. S.D. 2009) ("[A] brief, inadvertent exposure of the jury to a handcuffed defendant while [the] defendant is being escorted from one place to another does not deprive [the] defendant of a fair trial." (alteration in original) (quoting *State v. Sanders*, 903 S.W.2d 234, 239 (Mo. App. E.D. 1995))); *State v. Beal*, 470 S.W.2d 509, 516 (Mo. banc 1971); *State v. Clements*, 849 S.W.2d 640, 647 (Mo. App. S.D. 1993).

**CONCLUSION**

For the foregoing reasons, we affirm Sonnier's conviction for resisting arrest and decline to exercise plain error review of Sonnier's second point on appeal. Affirmed.

                              _____

                              Lisa S. Van Amburg, Presiding Judge

Patricia L. Cohen, J., and
Philip M. Hess, J., concur.